# APPEAL NO. 23-4125

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## UNITED STATES OF AMERICA,

Plaintiff/Appellee,

v.

## DALLAS MICHAEL ACOFF, a/k/a DAL,

Defendant/Appellant.

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

## BRIEF OF APPELLANT, DALLAS MICHAEL ACOFF, a/k/a DAL

ROBERT G. McCOID, ESQ.

McCOID LAW OFFICES, P.L.L.C.
56-58 Fourteenth Street
Post Office Box 1
Wheeling, WV 26003
Telephone: 304-242-2000

Counsel for Appellant, Dallas Michael Acoff

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF JURISDICTION ..................................................................... 1

ISSUE PRESENTED FOR REVIEW ................................................................... 2

STATEMENT OF THE FACTS .......................................................................... 2

SUMMARY OF ARGUMENT ............................................................................ 7

ARGUMENT ........................................................................................................ 8

      **THE DISTRICT COURT COMMITTED A SIGNIFICANT PROCEDURAL ERROR IN IMPOSING AN UNREASONABLE SENTENCE DRAMATICALLY ABOVE MR. ACOFF'S USSG RANGE WHEN IT RELIED ON CLEARLY ERRONEOUS FACTS TO THE EXTENT THAT IT SUGGESTED HE HAD GOTTEN AWAY WITH A MURDER HE DID NOT COMMIT.**

**A. Standard of Review** ................................................................................ 8

**B. The district court clearly erred in sentencing Mr. Acoff to two hundred and forty (240) months of imprisonment based upon its misapprehension, unsupported in the record, that he had effectively gotten away with murder, which is false.** ................................................................................ 9

CONCLUSION ................................................................................................... 14

REQUEST FOR ORAL ARGUMENT ............................................................... 14

# TABLE OF AUTHORITIES

## Cases

*Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007) ....... 8

*State ex rel. Smith v. Sims*, 814 S.E.2d 264 (W. Va. 2018) ....... 11

*United States v. Davis*, 648 Fed.Appx. 967 (11th Cir. 2016) (unpublished) ....... 13

*United States v. Diosdado–Star*, 630 F.3d 359 (4th Cir. 2011) ....... 8

*United States v. Green*, 436 F.3d 449 (4th Cir. 2006) ....... 13

*United States v. Morace*, 594 F.3d 340 (4th Cir. 2010) ....... 8

*United States v. Rivera-Santana*, 668 F.3d 95 (4th Cir. 2012) ....... 12

## Statutes and Rules

18 U.S.C. § 3231 ....... 1

18 U.S.C. § 3553(a) ....... 6, 7, 8, 9, 10

21 U.S.C. § 841(a)(1) ....... 1, 3

21 U.S.C. § 841(b)(1)(C) ....... 1, 3, 4

21 U.S.C. § 860 ....... 1, 3

28 U.S.C. § 1291 ....... 1

Rule 11(a)(1), Fed. R. Crim. P. ....... 1

## Provisions of the United States Sentencing Guidelines

USSG § 3E1.1(b) ....... 4

USSG § 4A1.3(a) ....... 10

USSG § 6A1.1 ....... 3

# STATEMENT OF JURISDICTION

On April 5, 2022, a grand jury sitting in the Wheeling Division of the Northern District Court of West Virginia returned a five-count indictment charging Dallas M. Acoff ("Mr. Acoff") with various drug offenses. Specifically, the Indictment alleged that Mr. Acoff committed the following offenses: in Count One, distribution of cocaine base within one thousand feet of a protected location in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 860; in Counts Two and Three, possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); in Count Four, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C); and in Count Five, possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C). J.A. 6-10.

Because these charges constituted offenses against the United States of America, the district court had original jurisdiction pursuant to 18 U.S.C. § 3231. This is an appeal from the final judgment and sentence had on February 17, 2023, pursuant to Mr. Acoff's plea of guilty to all counts of the Indictment made pursuant to Rule 11(a)(1), Fed. R. Crim. P., on October 18, 2022. J.A. 12-65; 86-93. The United States Court of Appeals for the Fourth Circuit has jurisdiction pursuant to 28 U.S.C. § 1291.

## ISSUE PRESENTED FOR REVIEW

Whether the sentence imposed on Mr. Acoff is procedurally unreasonable when the district court, in fashioning his sentence that exceeded the upper sentencing range prescribed by the United States Sentencing Guidelines ("USSG") by one hundred and forty-four (144) months, expressly relied on an erroneous fact in its statement of reasons, intimating that Mr. Acoff had gotten away with murder.

## STATEMENT OF THE FACTS

The allegations in this case are uncontested. In summary, on August 5, 2021, Mr. Acoff delivered 7.58 grams of cocaine base to a confidential informant in Ohio County, West Virginia. J.A. 100. The delivery site was located within one thousand feet (1,000) of a protected location. *Id.*

On February 2, 2022, in Ohio County, West Virginia, Wheeling Police Department officers attempted to effectuate a nighttime traffic stop on a vehicle being operated (without headlights on) by Mr. Acoff. *Id.* Mr. Acoff thereafter caused the vehicle to stop, and he fled on foot. *Id.* Subsequently, officers identified Mr. Acoff's wallet and several bags of narcotics lying next to it on the route that Mr. Acoff had run. *Id.* Those narcotics included 17.5 grams of cocaine base, 14.8 grams of cocaine, and 6 grams of methamphetamine. Following his arrest, Mr. Acoff surrendered

to officers at the police station 2.7 grams of fentanyl, which had been on his person. *Id.*

On April 5, 2022, a federal grand jury indicted Mr. Acoff in a five (5) count indictment charging him with various narcotics offenses. J.A. 6-11. On April 26, 2022, Mr. Acoff was arraigned and pleaded "not guilty" to all the counts contained in the Indictment. J.A. 2. On October 18, 2022, Mr. Acoff changed his former pleas to "guilty" to each count of the Indictment (and without a plea agreement) before Magistrate Judge James P. Mazzone. J.A. 12-65. The court ordered the preparation of a presentence investigation report ("PSR") pursuant to USSG § 6A1.1.

A PSR was prepared and disclosed to the parties on December 5, 2022. J.A. 96-118. The United States probation officer ("USPO") calculated Mr. Acoff's USSG range as follows: a base offense level of twenty-five (25), less three (3) points for timely acceptance of responsibility for a total offense level of twenty-two (22). J.A. 102-103. The USPO also calculated Mr. Acoff's criminal history as category V. J.A. 110.

Although the offense charged in Count One carried a statutory maximum penalty of forty (40) years (*see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860), and Counts Two through Five carried a statutory maximum penalty of twenty (20) years each (*see* 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(C)), Mr. Acoff's Advisory Sentencing Guideline range was calculated by the USPO as being seventy-seven to ninety-six (77-96) months of incarceration. Mr. Acoff filed objections to the PSR, but those objections were subsequently withdrawn by the time of sentencing. J.A. 68. The Government made no objections. *Id.* On February 13, 2022, Mr. Acoff filed a sentencing memorandum in which he suggested that his largely untreated mental illness played a part in his extensive criminal history and that the district court should construe the same in mitigation of sentence. J.A. 121-125.1  Specifically, Mr. Acoff requested a sentence at the low end of the USSG range, and alternatively, an unspecified downward variance. J.A. 123.

At Mr. Acoff's February 16, 2023, sentencing, the district court calculated the advisory guidelines and reached the same sentencing range specified by the USPO in the PSR, namely, a total offense level of 22, a criminal history category V, and a USSG sentencing range of 77-96 months. J.A.2.

---

1 The USPO identified records from Dr. William J. Washington reflecting that Mr. Acoff had received Risperdal as a youth for the treatment of schizophrenia.   J.A. 113.
2  The Government moved for the third level for acceptance of responsibility pursuant to USSG § 3E1.1(b).   J.A. 69.

The district court then entertained argument from Mr. Acoff's sentencing counsel, who noted Mr. Acoff's criminal history and correlated the same to his mental illness, beseeching the court to sentence Mr. Acoff at the low end of the USSG and otherwise to recommend that he receive mental health treatment at whatever Bureau of Prisons facility to which he was sent. J.A. 70-72.

Counsel for the Government then addressed the district court and recounted the facts underlying the offenses of conviction. J.A. 73-74. Counsel then proceeded to highlight Mr. Acoff's prolific criminal history dating back to his youth. J.A. 74-76. The Government noted that it believed that the guideline range was correctly calculated, although the Government moved for a downward variance to the extent that it requested that the cocaine base noted in the PSR be calculated as though it was powder cocaine. J.A. 77. The Government then proceeded to note that "a sentence within the guideline range is more than appropriate." J.A. 77. The Government concluded its remarks to the Court by expressly requesting "a sentence *within the guideline range* as the Court finds appropriate, based on [the Government's variance] motion." J.A. 78. (Emphasis added).

The district court sentenced Mr. Acoff to a term of imprisonment of two hundred and forty (240) months. J.A. 79. The district court then

proceeded to spread on the record its reasons for varying upward by one hundred and forty-four (144) months over the high end of the USSG range of ninety-six (96) months.

> In reaching my decision as to the proper sentence to be imposed in this case, I've considered all the factors set forth in 18 U.S.C. § 3553. And in doing so, I am, for the record, denying the government's motion for a downward variance based on the disparity between crack and regular cocaine.
>
> Here we have a young man who, over at least the last ten years or so, has been in jail a lot more than he's been out. He has shown an inability to follow the rules and regulations of society. When he has been -- he's never successfully completed a term of supervision, and was on supervision when the instant offense was committed.
>
> It is his third felony conviction in this district. He's had aggravated robbery with a sawed-off shotgun, carrying a concealed weapon, *and was convicted of murder. That was set aside and for some reason pled to attempted murder, yet the victim's still dead.* I believe, *based on all this*, the criminal history is grossly understated. It's properly calculated, but it's grossly understated. And this community and the communities in Ohio need to be protected from Mr. Acoff.

J.A. 82 (Emphasis added).

In its Statement of Reasons explaining the variance made pursuant to 18 U.S.C. § 3553(a), the district court generically noted: "[t]he nature and circumstances of the offense;" "the history and character of the defendant;" "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;" and, finally, "to afford adequate deterrence to criminal conduct." J.A. 128. As an "additional basis for the

6

sentence in this case," the district court noted that

> [i]n considering the factors set forth in Title 18 U.S.C. § 3553(a), the Court varied from the applicable guideline range and imposed a sentence of 240 months, as to Counts 1-5, to be served concurrently. In reaching its decision, the Court stated that the defendant has shown that he cannot conform to the rules of society, has never successfully completed a term of supervision, and was on supervised release when the instant offense was committed. Lastly, the court stated that the defendant's criminal history is grossly understated, but correctly calculated in the Presentence Report.

J.A. 130.

On March 1, 2023, Mr. Acoff timely gave notice of this appeal and now brings the same.

## SUMMARY OF ARGUMENT

In fashioning Mr. Acoff's sentence of two hundred and forty (240) months, which sentence represented a one hundred and forty-four (144) month variance above the properly calculated upper Guideline range, the district court relied upon clearly erroneous facts unsupported in the record. Specifically, the district court enumerated the reasons for varying upward in such a dramatic fashion by suggesting, *inter alia*, that Mr. Acoff had gotten away with murder when he was awarded a new trial following his conviction for that offense and subsequently pleaded guilty in West Virginia circuit court to attempted murder. ***However, the attempted murder conviction was factually and legally unrelated to the homicide***

***for which he was originally convicted, and Mr. Acoff murdered no one.*** Because the district court relied upon erroneous facts in varying substantially upwards, Mr. Acoff's sentence was procedurally unreasonable.

## ARGUMENT

**THE DISTRICT COURT COMMITTED A SIGNIFICANT PROCEDURAL ERROR IN IMPOSING AN UNREASONABLE SENTENCE DRAMATICALLY ABOVE MR. ACOFF'S USSG RANGE WHEN IT RELIED ON CLEARLY ERRONEOUS FACTS TO THE EXTENT THAT IT SUGGESTED HE HAD GOTTEN AWAY WITH A MURDER HE DID NOT COMMIT.**

**A. Standard of Review.**

When examining the reasonableness of a sentence imposed by a district court, this Court must

> "'first ensure that the district court committed no significant procedural error....'" *United States v. Morace*, 594 F.3d 340, 345 (4th Cir. 2010) (*quoting Gall [v. United States]*, 552 U.S. 38[,] 51, 128 S.Ct. 586 (2007)). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

*United States v. Diosdado–Star*, 630 F.3d 359, 363 (4th Cir. 2011).

**B. The district court clearly erred in sentencing Mr. Acoff to two hundred and forty (240) months of imprisonment based upon its misapprehension, unsupported in the record, that he had effectively gotten away with murder, which is false.**

Inarguably, the district court did not fail to properly calculate Mr. Acoff's USSG sentencing range, did not treat the guidelines as mandatory, did not overlook the 18 U.S.C. § 3553(a) factors, or fail to adequately explain its sentence deviating sharply above Mr. Acoff's USSG sentencing range. However, the district court did rely upon clearly erroneous facts in reaching its sentencing decision.

As reflected in the PSR, Mr. Acoff was convicted of second-degree murder as well as three counts of wanton endangerment with a firearm in the Circuit Court of Ohio County, West Virginia on October 14, 2016. J.A. 110. The murder conviction related to the death of Mr. Lemroy Coleman. J.A. 109. On December 21, 2017, the circuit court awarded him a new trial. *Id.* The PSR goes on to note that on January 16, 2019, Mr. Acoff entered a plea of guilty to attempted first degree murder. *Id.* All of the details specified in the PSR are accurate, and, accordingly, no objection to the same was lodged by Mr. Acoff.

However, the district court sought to connect the dots between Mr. Acoff's vacated murder conviction and his eventual guilty plea to attempted

9

murder, inferring, quite evidently, that they related to the same event. The salient portion of the Court's reasoning substantiating this conclusion is set forth in the sentencing transcript:

> He's had aggravated robbery with a sawed-off shotgun, carrying a concealed weapon, *and was convicted of murder. That was set aside and for some reason [he] pled to attempted murder,* **yet the victim's still dead**.

J.A. 82 (Emphasis added).3

Plainly, the district court believed, perhaps understandably given the factual recitation in the PSR, that Mr. Acoff bore responsibility for the death of Lemory Coleman despite his offense of conviction for attempted murder. But the inference it drew, *i.e.*, that Mr. Acoff's actions resulted in someone's death, is based upon nothing more than mere conjecture, speculation, and surmise.

The notion that Mr. Acoff murdered no one is not premised simply upon an absence of facts in the PSR regarding the circumstances of Mr. Coleman's death; it is borne out by a published case of record. Following the Ohio County circuit court's aforementioned award of a new trial, the State of West Virginia sought to enjoin the same by prosecuting a writ of

---

3 Note that the district court varied outside of the USSG range as permitted by 18 U.S.C. § 3553(a), but it did not depart upwards based upon criminal history inadequacy as contemplated by USSG § 4A1.3(a). J.A. 127-128.

prohibition in the West Virginia Supreme Court of Appeals. The Supreme Court of Appeals thereafter issued a published opinion denying the relief requested by the State and upholding the trial court's award of a new trial based upon newly discovered evidence, concluding, based upon both an eyewitness account and the physical items at the scene of Mr. Coleman's death, that:

> [s]econd, * * * the crime scene evidence substantiates Mr. [Norman] Banks' testimony that a second shooter was in Lane E. Third, [the State] fails to undermine in any meaningful fashion the fundamental basis for the trial court's ruling [awarding Mr. Acoff a new trial]: Mr. Banks' testimony identifying Mr. [Jerome] Saunders as the perpetrator of these crimes goes to the very essence of the [Mr. Acoff's] guilt or innocence on the charges at issue. *If the jury has the benefit of Mr. Banks' testimony, it is likely that a different result will be reached on retrial.*

*State ex rel. Smith v. Sims*, 814 S.E.2d 264, 271 (2018). (Emphasis added).4

Evidently, neither the district court nor its probation officer had the benefit of knowing this information at the time of sentencing, and it was not included in the PSR, which is otherwise accurate, albeit incomplete. But that fact does not undermine the idea that the district court made an unsupported leap in obviously concluding that, because Mr. Acoff pleaded

---

4 Mr. Acoff's plea agreement with the State wherein he pleaded guilty to the substantially lesser offense of attempted murder was reached in early 2019 after the state supreme court's decision in *Sims* was rendered. J.A. 110.

guilty to attempted murder, he must have "pleaded down" from the actual murder itself, a conclusion supported by the district court's own words that "*the victim's still dead.*"   J.A. 82.  (Emphasis added).   However, Mr. Acoff's conviction for attempted murder and Mr. Coleman's death were simply factually and legally unrelated events.

The district court's misapprehension of the facts in this regard inarguably factored heavily, if not dispositively, into its decision to impose such a shocking sentence in which it varied upwards by 144 months. Indeed, as the district court stated, "I believe, *based on all this*, the criminal history is grossly understated."   J.A. 82.  (Emphasis added).5

To suggest that any error in the district court's analysis was "harmless," *see, e.g., United States v. Rivera-Santana*, 668 F.3d 95, 102 (4th Cir. 2012), ignores the immutable fact that the district court's *expressly* stated reasons for varying upwards as it did included its view that Mr. Acoff was responsible for Mr. Coleman's murder, which is certainly the most serious crime as between that and aggravated robbery and possession

---

5  "[A]ll of this" was expressed by the court as being Mr. Acoff's convictions for aggravated robbery with a sawed-off shotgun, carrying a concealed weapon, and murder "[t]hat was set aside and for some reason pled to attempted murder." As noted, the "for some reason" was the state supreme court's conclusion that the newly discovered evidence would have produced a different outcome on retrial.

12

of a firearm.6

Because the "district court . . . relie[d] on improper factors in departing from the Guidelines' recommendation," *United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006) (citation omitted), its sentence of 240 months was procedurally unreasonable, and Mr. Acoff should be awarded a new sentencing hearing.

---

6 Undersigned counsel has conducted exhaustive research and has even received unsolicited research support from the Federal Defender office for the Northern District of West Virginia in seeking to identify an analogous case for this Court's consideration. Counsel has identified precious little authority. One unpublished *per curiam* opinion from the Eleventh Circuit, *United States v. Davis*, 648 Fed.Appx. 967, 969-970 (11th Cir. 2016), may prove instructive. The Eleventh Circuit, in vacating the appellant's sentence in *Davis*,

> agree[d] with [the appellant] . . . that the district court procedurally erred by basing the sentence on an erroneous fact —that [appellant's] grand theft probation had been violated, when it had not—and this error was not harmless. As the record shows, the order following the resentencing hearing explained that the court had based the upward variance in part on [the appellant's] inability or unwillingness to comply with supervision, and listed four probation violations— including the violation of Davis' grand theft probation. According to the PSI, however, the grand theft probation had not been violated.

Similarly, the district court below enumerated three reasons for imposing a without-guidelines sentence: Mr. Acoff's convictions for aggravated robbery, possession of a concealed firearm, and a murder conviction vacated and eventually pleaded to attempted murder. The notion that Mr. Acoff committed murder, as noted, is unsupported in the record.

13

## CONCLUSION

Based upon the foregoing, Mr. Acoff respectfully requests that this Court vacate his sentence, and remand his case to the district court for further proceedings, including a new sentencing hearing.

## REQUEST FOR ORAL ARGUMENT

Mr. Acoff respectfully requests oral argument in this case if it will aid in the decisional process.

Respectfully submitted,

**DALLAS MICHAEL ACOFF**,
Defendant-Appellant.

By: *Robert G. McCoid*
Of Counsel

Robert G. McCoid, Esq.
West Virginia Bar I.D. No. 6714
**McCOID LAW OFFICES, P.L.L.C.**
56-58 Fourteenth Street
Post Office Box 1
Wheeling, WV 26003
(304) 242-2000
(304) 232-3548 (telefax)
robert@mccoidlaw.com

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
Effective 12/01/2016

No. 23-4125    Caption: US v. Acoff

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains _____2679_____ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using
MS Word _____ [*identify word processing program*] in
Georgia, 14 pt. _____ [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) Robert G. McCoid

Party Name appellant

Dated: 6/22/2023

11/14/2016 SCC

# CERTIFICATE OF SERVICE

Service of the foregoing **Brief of Appellant, Dallas Michael Acoff** was had upon the following by delivering to him a true and correct copy thereof via ecfnoticing@ca4.uscourts.gov electronic notification this 22nd day of June, 2023:

    Shawn M. Adkins, Esq.
    Assistant United States Attorney
    UNITED STATES ATTORNEY'S OFFICE FOR
     THE NORTHERN DISTRICT OF WEST VIRGINIA
    1125 Chapline Street – Ste. 3000
    Wheeling, WV  26003

                                By: *Robert G. McCoid*
                                      Of Counsel