# 23-4125

# United States Court of Appeals
### for the
# Fourth Circuit

---

UNITED STATES OF AMERICA,

*Plaintiff/Appellee,*

– v. –

DALLAS MICHAEL ACOFF, a/k/a DAL.,

*Defendant/Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT WHEELING

## JOINT APPENDIX
## VOLUME ONE (PAGES 1-95)

SHAWN M. ADKINS
OFFICE OF THE U.S. ATTORNEY
P.O. Box 591
Wheeling, West Virginia 26003
(304) 234-1000
shawn.adkins@usdoj.gov

ROBERT G. MCCOID
MCCOID LAW OFFICES, PLLC
56-58 14th Street
Wheeling, West Virginia 26003
(304) 242-2000
robert@mccoidlaw.com

*Counsel for Appellee*

*Counsel for Appellant*

 COUNSEL PRESS • VA – (804) 648-3664

# TABLE OF CONTENTS

## VOLUME ONE

District Court Docket Sheet ...................................................................................JA1

Indictment
   Filed April 5, 2022 ......................................................................................JA6

Transcript of Plea Hearing before the Hon. James P. Mazzone
   Heard October 18, 2022............................................................................JA12

Transcript of Plea Hearing Reconvened before the Hon. James P. Mazzone
   Heard October 18, 2022............................................................................JA24

Transcript of Sentencing Hearing before the Hon. John Preston Bailey
   Heard February 16, 2023 ..........................................................................JA66

Judgment
   Filed February 17, 2023............................................................................JA86

Notice of Appeal
   Filed March 1, 2023..................................................................................JA94

## VOLUME TWO (SEALED)

Presentence Investigation Report
   Prepared December 5, 2022......................................................................JA96

Sentencing Memorandum
   Filed February 13, 2023..........................................................................JA121

Statement of Reasons
   Filed February 17, 2023..........................................................................JA126

APPEAL

# U.S. District Court
## Northern District of West Virginia (Wheeling)
## CRIMINAL DOCKET FOR CASE #: 5:22-cr-00013-JPB-JPM-1

Case title: USA v. Acoff                    Date Filed: 04/05/2022

                                            Date Terminated: 02/17/2023

---

Assigned to: District Judge John Preston Bailey
Referred to: Magistrate Judge James P. Mazzone

Appeals court case number: 23-4125 USCA Fourth
Circuit

### Defendant (1)

**Dallas Michael Acoff**
*TERMINATED: 02/17/2023*
*also known as*
"DAL"
*TERMINATED: 02/17/2023*

represented by **Charles T. Berry**
Charles T. Berry Esquire
P.O. Box 114
Kingmont, WV 26578
304-363-3564
Fax: 304-816-3117
Email: cberrylaw@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Brendan S. Leary**
Federal Public Defender Office - Whg.
U.S. Courthouse
1125 Chapline St., Rm. 208
Wheeling, WV 26003
(304) 233-1217
Fax: (304) 233-1242
Email: brendan_leary@fd.org
*TERMINATED: 07/28/2022*
*Designation: Public Defender or Community
Defender Appointment*

### Pending Counts

DISTRIBUTE IN OR NEAR
SCHOOLS/CONTROLLED SUBSTANCE
(1)

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE
(2-5)

### Disposition

Defendant to be incarcerated for a term of 240
months to run concurrent; Supervised Release 6
years to run concurrent; Special Assessment $100;
Fine N/A; Restitution N/A

Defendant to be incarcerated for a term of 240
months to run concurrent; Supervised Release 3
years to run concurrent; Special Assessment $100
per count; Fine N/A; Restitution N/A

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

JA1

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**                                                represented by **Shawn Michael Adkins**
U.S. Attorney's Office - Wheeling
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0100
Fax: (304) 234-0111
Email: shawn.adkins@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2022 | 1 | INDICTMENT with Forfeiture Allegation as to Dallas Michael Acoff counts 1, 2-5. (nmm) (Main Document 1 replaced on 4/26/2022 to attach complete Indictment to include Count 2) (nmm). Modified on 4/26/2022: NEF Regenerated (nmm). (Entered: 04/05/2022) |
| 04/05/2022 | 2 | *SEALED* Indictment - Unredacted, re 1 Indictment as to Dallas Michael Acoff. (Attachments: # 1 Grand Jury Docket Sheet) (nmm) (Entered: 04/05/2022) |
| 04/20/2022 | 4 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Dallas Michael Acoff. (Attachments: # 1 Proposed Order, # 2 Attachment Writ of Prosecuendum)(Adkins, Shawn) (Entered: 04/20/2022) |
| 04/21/2022 | 5 | **ORDER: granting 4 Motion for Writ of Habeas Corpus ad prosequendum as to Dallas Michael Acoff. Signed by Magistrate Judge James P. Mazzone on 4/21/2022. (nmm)** (Entered: 04/21/2022) |
| 04/21/2022 | 6 | Writ of Habeas Corpus ad Prosequendum Issued as to Dallas Michael Acoff for 4/26/2022 at 10:00a.m. (original and copy w/order to cbg usm; copy to usm via email) (nmm) (Entered: 04/21/2022) |
| 04/21/2022 | 7 | **PAPERLESS ORDER as to Dallas Michael Acoff. An Initial Appearance and Arraignment are set for 4/26/2022 at 10:00 AM in the Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate Judge James P. Mazzone. Signed by Magistrate Judge James P. Mazzone on 4/21/22. (jc)** Modified on 4/25/2022: NEF Regenerated to Atty. Leary only (nmm). (Entered: 04/21/2022) |
| 04/22/2022 | 8 | MOTION for Detention by USA as to Dallas Michael Acoff. (Adkins, Shawn) (Entered: 04/22/2022) |
| 04/25/2022 | 9 | ** SEALED ** CJA 23 Financial Affidavit by Dallas Michael Acoff (copy to fpd via email) (nmm) (Entered: 04/25/2022) |
| 04/25/2022 | 10 | **ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Dallas Michael Acoff: Brendan S. Leary appointed. Signed by Magistrate Judge James P. Mazzone on 4/25/2022. (copy to defendant via us mail; copy to L. Coleman-fpd and usm via email) (nmm)** (Entered: 04/25/2022) |
| 04/26/2022 | 11 | MINUTE ENTRY:<br><br>***NOTICE*** *THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY.*<br><br>Proceedings held before Magistrate Judge James P. Mazzone as to Dallas Michael Acoff: Initial Appearance/Arraignment as to Counts 1,2-5 held on 4/26/2022. (Tape #WHG Mazzone 5 22 cr 13 USA v Acoff 4 26 2022.) (nmm) (Entered: 04/26/2022) |
| 04/26/2022 | 12 | **DUE PROCESS PROTECTIONS ACT ORDER TO ALL COUNSEL REGARDING BRADY OBLIGATIONS as to Dallas Michael Acoff. Signed by Magistrate Judge James P. Mazzone on 4/26/2022.** |

JA2

| | | |
|---|---|---|
| | | **(nmm)** (Entered: 04/26/2022) |
| 04/26/2022 | [13](#) | **ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT as to Dallas Michael Acoff. Signed by Magistrate Judge James P. Mazzone on 4/26/2022. (copy to usm via email) (nmm)** (Entered: 04/26/2022) |
| 04/26/2022 | [14](#) | **INITIAL SCHEDULING ORDER as to Dallas Michael Acoff**<br><br>***NOTICE TO ATTORNEYS*** *: Pursuant to Rule 12.4(a)(1) of the Federal Rules of Criminal Procedure, ALL Non-governmental CORPORATE PARTIES must file a DISCLOSURE STATEMENT with the Court. Additionally, per Rule 12.4(a)(2) of the Federal Rules of Criminal Procedure, the GOVERNMENT must file a statement identifying all organizational victims. Forms are available on the Court's Web Site at http://www.wvnd.uscourts.gov/forms.htm*<br><br>**Discovery due by 4/29/2022; Motions due by 5/11/2022; Responses due by 5/18/2022; Motion Hearing set for 5/19/2022 11:00 AM in Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate Judge James P. Mazzone; Plea Agreement due by 5/31/2022; Pretrial Conference set for 6/1/2022 04:30 PM in Wheeling District Judge Courtroom, North before District Judge John Preston Bailey; Jury Selection/Jury Trial set for 6/7/2022 09:00 AM in Wheeling District Judge Courtroom, North before District Judge John Preston Bailey. Signed by Magistrate Judge James P. Mazzone on 4/26/2022. (copy to usm via email) (nmm)** (Entered: 04/26/2022) |
| 04/26/2022 | [15](#) | **DETENTION ORDER as to Dallas Michael Acoff: the issue of detention is CONTINUED GENERALLY. Signed by Magistrate Judge James P. Mazzone on 4/26/2022. (copy to usm via email) (nmm)** (Entered: 04/26/2022) |
| 04/26/2022 | | Arrest of Dallas Michael Acoff (nmm) (Entered: 04/27/2022) |
| 05/12/2022 | 17 | PAPERLESS ORDER as to Dallas Michael Acoff. For reasons appearing to the Court, the Motion Hearing set for 5/19/22 has been CANCELLED, as no motions have been filed. Signed by Magistrate Judge James P. Mazzone on 5/12/22. (jc) (Entered: 05/12/2022) |
| 05/20/2022 | [18](#) | MOTION to Continue *Trial Date* by Dallas Michael Acoff. (Leary, Brendan) (Entered: 05/20/2022) |
| 05/23/2022 | [19](#) | **ORDER GRANTING [18](#) UNOPPOSED MOTION TO CONTINUE TRIAL DATE as to Dallas Michael Acoff: the trial will now commence on August 16, 2022, at 9:00 a.m.; the pretrial conference is hereby CONTINUED until August 10, 2022, at 3:30 p.m. Signed by District Judge John Preston Bailey on 5/23/2022. (copy to usp and usm via email) (nmm)** (Entered: 05/23/2022) |
| 07/14/2022 | [20](#) | MOTION for Release from Custody *for Furlough* by Dallas Michael Acoff. (Attachments: # [1](#) Letter)(Leary, Brendan) (Entered: 07/14/2022) |
| 07/15/2022 | [21](#) | **ORDER DENYING [20](#) MOTION FOR RELEASE ON FURLOUGH as to Dallas Michael Acoff. Signed by District Judge John Preston Bailey on 7/15/2022. (nmm)** (Entered: 07/15/2022) |
| 07/27/2022 | [22](#) | MOTION to Withdraw as Attorney by Brendan S. Leary. by Dallas Michael Acoff. (Leary, Brendan) (Entered: 07/27/2022) |
| 07/28/2022 | [23](#) | **GRANTING MOTION TO WITHDRAW AS COUNSEL [22](#) . Attorney Brendan S. Leary terminated in case as to Dallas Michael Acoff. Signed by District Judge John Preston Bailey on 7/28/2022. (ag)**(L. Coleman by email) (Entered: 07/28/2022) |
| 08/01/2022 | [24](#) | **ORDER APPOINTING CJA PANEL ATTORNEY AS COUNSEL: Attorney Charles T. Berry appointed for Dallas Michael Acoff. Signed by Magistrate Judge James P. Mazzone on 7/29/2022 (Nunc Pro Tunc). (copy to defendant via us mail; copy to L. Coleman-fpd and usm via email) (nmm)** (Entered: 08/01/2022) |
| 08/02/2022 | 25 | MOTION to Continue *Pretrial Hearing and Trial* by Dallas Michael Acoff. (Berry, Charles) (Entered: 08/02/2022) |
| 08/02/2022 | [26](#) | **ORDER granting [25](#) MOTION to Continue Pretrial Hearing and Trial as to Dallas Michael Acoff (1). The parties shall submit to this Court potential new dates for the pretrial and trial on or before August 12, 2022. Signed by District Judge John Preston Bailey on 08/02/2022. (cwm)** Copy to USMS and USPO. (Entered: 08/02/2022) |
| 08/09/2022 | [27](#) | Other Document *Submission of Potential Trial Dates* filed by Dallas Michael Acoff (Berry, Charles) (Entered: 08/09/2022) |
| 08/09/2022 | [28](#) | Pro Se MOTION to Withdraw Appointed Counsel (Brendan S. Leary), by Dallas Michael Acoff. (nmm) (Entered: 08/09/2022) |

JA3

| | | |
|---|---|---|
| 08/10/2022 | 29 | **ORDER: denying as moot 28 pro se Motion to Withdraw as Attorney as to Dallas Michael Acoff (1). Signed by District Judge John Preston Bailey on 8/10/2022. (ag)**(DEF US Mail) (Entered: 08/10/2022) |
| 08/15/2022 | 30 | **ORDER as to Dallas Michael Acoff: the trial will now commence on November 8, 2022, at 9:00 a.m.; the pretrial conference will commence on October 31, 2022, at 2:00 p.m. Signed by District Judge John Preston Bailey on 8/15/2022. (copy to usp and usm via email) (nmm)** (Entered: 08/15/2022) |
| 08/16/2022 | 31 | MAIL RETURNED AS UNDELIVERABLE: 24 CJA 20 - Appointment, addressed to Dallas Michael Acoff Returned As Undeliverable. Return to Sender; not deliverable as addressed; unable to forward. (ag) (Entered: 08/16/2022) |
| 10/10/2022 | 32 | NOTICE *Intent to Plead Guilty* by Dallas Michael Acoff (Berry, Charles) (Entered: 10/10/2022) |
| 10/13/2022 | 33 | **PAPERLESS ORDER as to Dallas Michael Acoff. A Plea Hearing is set for 10/19/2022 at 11:00 AM in the Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate Judge James P. Mazzone. Signed by Magistrate Judge James P. Mazzone on 10/13/22. (jc)** (Entered: 10/13/2022) |
| 10/13/2022 | 34 | **AMENDED PAPERLESS ORDER as to Dallas Michael Acoff. The Plea Hearing previously set for 10/19/22 HAS BEEN RESET for 10/18/2022 at 11:00 AM in Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate Judge James P. Mazzone. Signed by Magistrate Judge James P. Mazzone on 10/13/22. (jc)** (Entered: 10/13/2022) |
| 10/18/2022 | 35 | MINUTE ENTRY: <br><br> ***NOTICE*** *THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY.* <br><br> Proceedings held before Magistrate Judge James P. Mazzone as to Dallas Michael Acoff: Change of Plea Hearing held on 10/18/2022. Plea entered by Dallas Michael Acoff (1) Guilty Counts 1-5. (Tape #WHG Mazzone 5 22 cr 13 USA v Acoff 10 18 2022.) (nmm) (Entered: 10/18/2022) |
| 10/18/2022 | 36 | WAIVER OF ARTICLE III JUDGE AND CONSENT TO ENTER GUILTY PLEA BEFORE THE US MAGISTRATE JUDGE by Dallas Michael Acoff (nmm) (Entered: 10/18/2022) |
| 10/18/2022 | 37 | **CHANGE OF PLEA ORDER as to Dallas Michael Acoff: Defendant then entered a plea of GUILTY to Counts One, Two, Three, Four, and Five of the original Indictment. Signed by Magistrate Judge James P. Mazzone on 10/18/2022. (nmm)** (Entered: 10/18/2022) |
| 02/13/2023 | 39 | MOTION for Extension of Time to File *Sentencing Memorandum* by Dallas Michael Acoff. (Berry, Charles) (Entered: 02/13/2023) |
| 02/13/2023 | 40 | SENTENCING MEMORANDUM (Berry, Charles) (Entered: 02/13/2023) |
| 02/14/2023 | 41 | **ORDER: this Court will GRANT 39 defendant's Motion to File Out of Time as to Dallas Michael Acoff. This Court notes that defendant's sentencing memorandum was filed on February 13, 2023. See 40 . Signed by District Judge John Preston Bailey on 2/14/2023. (nmm)** (Entered: 02/14/2023) |
| 02/15/2023 | 42 | **PAPERLESS ORDER as to Dallas Michael Acoff: A Sentencing Hearing is now set for THURSDAY, FEBRUARY 16, 2023, at 1:30 PM in Wheeling District Judge Courtroom, North, before District Judge John Preston Bailey. Signed by District Judge John Preston Bailey on 2/15/2023. Copies to USMS and USP. (bjt)** (Entered: 02/15/2023) |
| 02/16/2023 | 43 | MINUTE ENTRY: <br><br> ***NOTICE*** *THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY.* <br><br> A Sentencing Hearing was held before District Judge John Preston Bailey as to Dallas Michael Acoff (1) on 2/16/2023. Counts 1 - 5, Defendant to be incarcerated for a term of 240 months to run concurrent; Supervised Release Count 1, 6 years and Counts 2-5, 3 years, to run concurrent; Special Assessment $100 on each count for a total of $500.00; Fine N/A; Restitution N/A(Court Reporter Cindy Knecht.) (bjt) (Entered: 02/17/2023) |
| 02/16/2023 | 46 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Dallas Michael Acoff (bjt) (Entered: 02/17/2023) |
| 02/17/2023 | 44 | **JUDGMENT as to Dallas Michael Acoff: Count 1, Defendant to be incarcerated for a term of 240 months to run concurrent; Supervised Release 6 years to run concurrent; Special Assessment $100; Fine N/A; Restitution N/A; Counts 2-5, Defendant to be incarcerated for a term of 240 months to run concurrent; Supervised Release 3 years to run concurrent; Special Assessment $100 per each count; Fine N/A; Restitution N/A. Signed by District Judge John Preston Bailey on 2/17/2023. (nmm)** (Entered: 02/17/2023) |

JA4

| | | |
|---|---|---|
| 02/17/2023 | 45 | **\*SEALED\* STATEMENT OF REASONS as to Dallas Michael Acoff. Signed by District Judge John Preston Bailey on 2/17/2023. (copy to counsel via email) (nmm)** (Entered: 02/17/2023) |
| 02/17/2023 | 47 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Dallas Michael Acoff on 2/16/2023. (nmm) (Entered: 02/17/2023) |
| 03/01/2023 | 48 | NOTICE OF APPEAL by Dallas Michael Acoff re 44 Judgment,, (Berry, Charles) (Entered: 03/01/2023) |
| 03/01/2023 | 49 | Transmission of Notice of Appeal and Docket Sheet as to Dallas Michael Acoff to US Court of Appeals re 48 Notice of Appeal - Final Judgment (nmm) (Entered: 03/01/2023) |
| 03/02/2023 | 50 | USCA NOTICE OF APPELLATE CASE OPENING: as to Dallas Michael Acoff for 48 Notice of Appeal - Final Judgment filed by Dallas Michael Acoff. Case Number: 23-4125 Case Manager: Emily Borneisen (804-916-2704). (nmm) (Entered: 03/02/2023) |
| 03/02/2023 | 51 | ORDER of USCA appointing Charles T. Berry as counsel for Dallas Michael Acoff re 48 Notice of Appeal - Final Judgment (nmm) (Entered: 03/02/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/04/2023 13:59:34 | | | |
| **PACER Login:** | ctrberry | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:22-cr-00013-JPB-JPM |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |
| **Exempt flag:** | Not Exempt | **Exempt reason:** | Not Exempt |

JA5

FILED

APR 5 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

DALLAS MICHAEL ACOFF, AKA "DAL,"

Defendant.

Criminal No. 5:22-cr-13

Violations:
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 860

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

(Distribution of Cocaine Base within 1000 Feet of a Protected Location)

On or about August 5, 2021, in Ohio County, in the Northern District of West Virginia, defendant, **DALLAS MICHAEL ACOFF, AKA "DAL,"** did unlawfully, knowingly, intentionally, and without authority, distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in exchange for a sum of United States currency within 1000 feet of real property comprising the Fulton Playground; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 860.

JA6

## COUNT TWO

(Possession with Intent to Distribute Cocaine Base)

On or about February 2, 2022, in Ohio County, in the Northern District of West Virginia, defendant **DALLAS MICHAEL ACOFF, AKA "DAL,"** did unlawfully, knowingly, intentionally, and without authority, possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

JA7

## **COUNT THREE**

(Possession with Intent to Distribute Cocaine)

On or about February 2, 2022, in Ohio County, in the Northern District of West Virginia, defendant **DALLAS MICHAEL ACOFF, AKA "DAL**," did unlawfully, knowingly, intentionally, and without authority, possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, also known as "coke," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

(Possession with Intent to Distribute Methamphetamine)

On or about February 2, 2022, in Ohio County, in the Northern District of West Virginia, defendant **DALLAS MICHAEL ACOFF, AKA "DAL,"** did unlawfully, knowingly, intentionally, and without authority, possess with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

JA9

## **COUNT FIVE**

(Possession with Intent to Distribute Fentanyl)

On or about February 2, 2022, in Ohio County, in the Northern District of West Virginia, defendant **DALLAS MICHAEL ACOFF, AKA "DAL,"** did unlawfully, knowingly, intentionally, and without authority, possess with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

JA10

<u>FORFEITURE ALLEGATION</u>

*Controlled Substance Act*

Pursuant to Title 21, United States Code, Section 853, and Title 21, United States Code, Section 841, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property used, or intended to be used, to commit or to facilitate the commission of the above referenced offense, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense.

A True Bill,

/s/_____
Grand Jury Foreperson

/s/_____
WILLIAM IHLENFELD
United States Attorney

Shawn M. Adkins
Assistant United States Attorney

JA11

1                UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF WEST VIRGINIA

3    United States of America,

4          Plaintiff,

5                  VS.                CRIMINAL ACTION NO.

6                                     5:22-cr-13

7    Dallas Acoff,

8          Defendant.

9                         - - -

10         Proceedings had in the plea hearing of the above-styled

11   action on October 18, 2022, before Honorable James P. Mazzone,

12   Magistrate Judge, at Wheeling, West Virginia.

13                         - - -

14         APPEARANCES:

15         On behalf of the United States of America:

16         Jennifer T. Conklin
           Assistant United States Attorney
17         United States Attorney's Office
           P.O. Box 591
18         Wheeling, WV  26003
           304.234.0100

19

20         On behalf of the Defendant:

21         Charles T. Berry
           PO Box 114
22         Kingmont, WV  26578
           304.363.3564

23

24         The defendant was present in person.

25         Proceedings recorded utilizing realtime translation.
           Transcript produced by computer-aided transcription.

1                    Tuesday Morning Session,

2                    October 18, 2022, 11:00 a.m.

3                         - - -

4          THE CLERK:  This is the case of the United States of

5    America versus Dallas Michael Acoff, Criminal Action Number

6    5:22-CR-13.

7          Will counsel please note their appearance for the

8    record.

9          MS. CONKLIN:  Jennifer Conklin standing in for Shawn

10   Adkins.

11         MR. BERRY:  Charles Berry for Mr. Acoff, Judge.

12         THE COURT:  Okay.  Good morning.

13         Mr. Berry, it's the Court's understanding that

14   Mr. Acoff desires to enter a plea of guilty to the charges

15   contained in Count 1, 2, 3, 4, and 5 of the original

16   indictment, including the forfeiture allegation; is that

17   correct?

18         MR. BERRY:  That was my understanding, too, Judge,

19   until this morning, and I have been advised by Mr. Acoff that

20   he does not want to plead.

21         THE COURT:  Okay.  To anything?

22         MR. BERRY:  Doesn't want to plead to anything.

23         THE COURT:  Okay.  Well, then I'll alert the District

24   Court of that decision and the matter will proceed.  Is there

25   anything else that we need to take up at this time?

JA13

1        MR. BERRY:  I don't think so, Judge.

2        THE DEFENDANT:  There is.

3        (Discussion off the record.)

4        MR. BERRY:  Judge, he now thinks he wants to do it.

5        THE COURT:  Okay.  Counts 1 through 5, without a plea

6   agreement?

7        MR. BERRY:  That's true, yes.

8        THE COURT:  Okay.  We are back on the record.  And

9   again, just to confirm, there is no plea agreement in this

10  case, correct?

11       MR. BERRY:  There is none.  Actually, Judge, there's

12  been a lot of conversations with the government regarding the

13  plea agreement, and the government is unwilling to take out the

14  requirement that he debrief.  He doesn't want to debrief, so

15  we've worked out where it's -- it's actually the same plea

16  agreement, except there's no agreement.  The government has

17  agreed to allow him to argue or allow us to argue at sentencing

18  for a lot of drugs that were on -- over on the island.  And

19  that was a big concern, big concern for Mr. Acoff, and it's a

20  concern for me.

21       So even doing what we're doing, he's still going to

22  be able to do that without losing his acceptance.  That's the

23  agreement with the government.  So I don't know what else to

24  say.  It's a good agreement.

25       THE COURT:  Mr. Acoff, sir, would you please stand

1  and raise your right hand so that you may be sworn in.

2         (Defendant sworn.)

3         THE COURT:  Mr. Acoff, sir, do you understand that

4  you are now under oath, and that if you were to answer any of

5  these questions today falsely, your answers may later be used

6  against you in another prosecution for perjury or for making a

7  false statement?

8         THE DEFENDANT:  Yes, sir.

9         THE COURT:  And do you understand that if you were to

10 lie, it could result in a higher sentence for you?

11        THE DEFENDANT:  Yes, sir.

12        THE COURT:  Mr. Acoff, during the course of this

13 hearing, I will be asking you several questions.  At any point

14 you should feel free to ask questions, ask for an explanation

15 if you do not understand any of my questions, or ask for me to

16 pause the proceedings so that you may confer with Mr. Berry

17 prior to answering any of the questions.

18        Do you understand that, sir?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  Would you please state your full name.

21        THE DEFENDANT:  Dallas Michael Acoff.

22        THE COURT:  How old are you?

23        THE DEFENDANT:  33.

24        THE COURT:  How far have you gone in school?

25        THE DEFENDANT:  I got my GED.

1          THE COURT:  Can you read, write, and understand the

2    English language?

3          THE DEFENDANT:  For the most part.

4          THE COURT:  Have you recently been under the care of

5    a doctor, a psychiatrist, or any other medical professional for

6    any serious physical or mental illness, including addiction to

7    drugs or alcohol?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Now, Mr. Acoff, let me inquire, do any of

10   those medical conditions or medication that you may be on

11   affect your ability to hear, communicate, or comprehend?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  Are you currently using any form of

14   controlled substance or any medication or alcohol that may

15   affect your ability to understand this proceeding?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Mr. Berry, do you have any reason to

18   question the competence of Mr. Acoff?

19         MR. BERRY:  I do not, Judge.

20         THE COURT:  Mr. Acoff, are you here today to enter

21   these guilty pleas?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Mr. Acoff, the Court would then make a

24   finding that you are competent and capable of entering an

25   informed plea.

1           Mr. Acoff, I'm a United States Magistrate Judge.  You

2    are charged in this case with a felony.  That means that you do

3    have the right to have this plea taken by an Article III Judge,

4    sometimes called a District Judge.  Only you can give up that

5    right, and I can only hear your plea if you agree to it by

6    signing a written waiver.

7           In that regard, the record should reflect the Court

8    is tendering that waiver to Mr. Berry.  If you could please

9    approach to Mr. Berry at this time for his review with

10   Mr. Acoff.

11          MR. BERRY:  May I approach, Your Honor?

12          THE COURT:  Yes, please.

13          The record should reflect that the Court has now been

14   provided with a fully executed waiver of Article III Judge.

15          Mr. Acoff, you executed this waiver form in open

16   court.  Did you read it prior to executing it?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Did you understand it?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Did you feel as if you were forced or

21   compelled to sign this form against your will?

22          THE DEFENDANT:  No, sir.

23          THE COURT:  Mr. Berry, is it also your understanding

24   that Mr. Acoff agrees to this waiver?

25          MR. BERRY:  Yes, sir.

JA17

1          THE COURT:  The Court will make a finding that the

2    waiver form has been properly executed.  It will be tendered to

3    the clerk for entry.

4          Mr. Acoff, do you understand that you do have a right

5    to be represented by an attorney at every stage of these

6    proceedings, including sentencing, and that if you could not

7    afford an attorney, you would have the right to have one

8    appointed?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Mr. Berry, do you or any member of your

11   office represent anyone, including any codefendants, who may be

12   interested in the outcome of this case?

13         MR. BERRY:  No, Your Honor.  And this is a

14   single-defendant case.

15         THE COURT:  Mr. Acoff, sir, do you believe that

16   you've had an adequate amount of time to discuss your case

17   fully with Mr. Berry?

18         THE DEFENDANT:  No.

19         THE COURT:  Okay.  Is this something that can be

20   cured by taking a brief recess?

21         MR. BERRY:  I don't know, Judge.  I don't know why he

22   believes that.  We've had numerous conversations regarding the

23   plea, but if he doesn't think that he understands what he's

24   doing, then we either take a break and see if he does, or scrap

25   it and go see Judge Bailey, I guess.

1          THE DEFENDANT:  I understand why we here today is did

2   we have enough time within the last week is when I accepted my

3   plea and he discuss things with me.  That's why I have a clear

4   understanding.  That's why I asked for the status conference.

5   But moving forward, I understand today what I'm doing.

6          THE COURT:  Do you believe, Mr. Acoff, that you've

7   discussed your case enough with Mr. Berry to proceed with

8   today's plea?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Would you like any more time to discuss

11  things with him?

12         THE DEFENDANT:  I would give the same answer, so

13  nothing's going to change.  I believe moving forward, this is

14  my last option until trial is forced on me.

15         THE COURT:  You wish to move forward at this time?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Mr. Acoff, has Mr. Berry been able to

18  answer your questions about how best to proceed in this case?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Is there anything that he has not done

21  which you've asked him to do?

22         THE DEFENDANT:  Certain things I wanted to explain to

23  me and I want got a full understanding, a clear idea.

24         MR. BERRY:  Judge, if I might, Mr. Acoff is looking

25  at a plea agreement, and this is not going to be a plea

JA19

1  agreement plea.  It's a plea straight up to the indictment.

2  And he and I have talked about that on numerous occasions, and

3  Mr. Acoff is of the -- or was at least of the mind that he did

4  not want to have to debrief, and the United States was

5  unwilling to take that provision out of the plea agreement, so

6  the only option for him to plead is to plead straight up to the

7  indictment.

8       But in addition to that, I have talked to Shawn

9  Adkins, and Shawn has agreed that even though he's pleading

10  straight up to the indictment, that the drugs involving one of

11  the counts is still going to be up for discussion at

12  sentencing.  And as a result of that, he will not -- because he

13  is going to argue that, he's still not going to lose his

14  acceptance of responsibility.  So it's actually a better deal

15  for him than having to plead to a plea agreement, because he

16  doesn't have to debrief and he doesn't want to do that.

17       So I don't know, Judge.  Honestly, I don't know what

18  more explanation that I can give him.  If I could, I would,

19  but --

20       THE DEFENDANT:  My issue wasn't with the debriefing.

21  My issue, I was believed to think that I that had a zero to 20.

22  I'm at a one to 40.  I supposed to get three years supervised

23  release.  It's six years supervised release and it's --

24       (Discussion held off the record.)

25       MR. BERRY:  There's a difference between the one to

1    20 and the two to 40 he's talking about, or the one to 40 he's

2    talking about, Judge, is because of protected location.  And

3    there's nothing that -- there's nothing I can do about that.

4    They're not going to take it out.  So -- but he can argue about

5    having the drugs on the island and in a protected location

6    there.  So just doesn't get any better than this.  I mean -- if

7    it's me or if it's whoever, I mean, this is as good a deal as

8    he's going to get.

9            THE COURT:  Do you wish to proceed, Mr. Acoff?

10           THE DEFENDANT:  I'm just worried that my guideline

11   range is not in my plea agreement, this plea agreement they

12   presented.  That's what I'm pleading out to my indictment.  I

13   feel like the 841(b)(1)(C) is a zero to 20, and I wondered how

14   he was saying I can get two more points and get my supervised

15   release doubled and my mandatory minimum plus my back number

16   flipped and my fine doubled, like, just explain that to me is

17   what I was asking him, and he got no answers for me.  But he

18   telling me it's the best plea I should -- I should take this

19   plea agreement.  I felt like if I plead to my indictment, it's

20   the protected location and delivery, which is what I did, but

21   stipulating the other things as relevant conduct, I don't

22   understand how that's coming into play.

23           THE COURT:  I think at this point it would probably

24   be prudent to terminate the hearing.  If Mr. Acoff wishes to

25   discuss this further with you, Mr. Berry, I'm here.  We can

1  reconvene.  But I'm uncomfortable having an open discussion in

2  court involving the terms of a plea agreement or versus no plea

3  agreement.  It doesn't sound to the Court as if he is

4  completely understanding what you've articulated for him and

5  the Court here today.

6          MR. BERRY:  Quite honestly, Judge, I'm not sure that

7  it's a matter of understanding, but it's not what he wants.  He

8  doesn't want to plead -- he wants to plead to what he wants to

9  plead to, and it doesn't work that way, and he knows it doesn't

10 work that way, so do whatever the Court feel best, obviously,

11 Judge.

12         THE COURT:  Okay.  Well, let's go off the record.  I

13 can reconvene the hearing if you wish to discuss things a

14 little further, but I don't know that we ought to be having

15 these discussions --

16         MR. BERRY:  In open court.

17         THE COURT:  -- in open court, correct.  I'm here.  If

18 we need to reconvene it, we can.  I'll give you a little bit of

19 time to discuss things with him.  If we reconvene, that's fine.

20 If not, like I say, I'll alert the District Court there was no

21 plea today.  Okay.  Then we'll be adjourned at least for the

22 time being.

23         (Proceedings adjourned at 11:27 a.m.)

24

25

JA22

1                              CERTIFICATE

2          I, Cindy L. Knecht, Registered Professional Reporter and

3     Official Reporter of the United States District Court for the

4     Northern District of West Virginia, do hereby certify that the

5     foregoing is a true and correct transcript of the proceedings

6     had in the above-styled action on October 18, 2022, as reported

7     by me in stenotypy.

8          I certify that the transcript fees and format comply with

9     those prescribed by the Court and the Judicial Conference of

10    the United States.

11         Given under my hand this 24th day of April 2023.

12                         /s/Cindy L. Knecht
                           _____
13                         Cindy L. Knecht, RMR/CRR
                           Official reporter, United States
14                         District Court for the Northern
                           District of West Virginia
15

16

17

18

19

20

21

22

23

24

25

JA23

1        UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF WEST VIRGINIA

3   United States of America,

4          Plaintiff,

5               VS.                    CRIMINAL ACTION NO.

6                                      5:22-cr-13

7   Dallas Acoff,

8          Defendant.

9                        - - -

10       Proceedings had in the reconvened plea hearing of the

11  above-styled action on October 18, 2022, before Honorable James

12  P. Mazzone, Magistrate Judge, at Wheeling, West Virginia.

13                        - - -

14       APPEARANCES:

15       On behalf of the United States of America:

16       Jennifer T. Conklin
         Assistant United States Attorney
17       United States Attorney's Office
         P.O. Box 591
18       Wheeling, WV  26003
         304.234.0100

19

20       On behalf of the Defendant:

21       Charles T. Berry
         PO Box 114
22       Kingmont, WV  26578
         304.363.3564

23

24       The defendant was present in person.

25       Proceedings recorded utilizing tape.
         Transcript produced by computer-aided transcription.

1

2                                    Tuesday Afternoon Session,

3                                    October 18, 2022, 12:30 p.m.

4                              - - -

5          THE CLERK:  This is the case of the United States of

6   America versus Dallas Michael Acoff, Criminal Action Number

7   5:22-CR-13.

8          Will counsel please note their appearance for the

9   record.

10          MS. CONKLIN:  Jennifer Conklin standing in for Shawn

11   Adkins.

12          MR. BERRY:  Charles Berry for Mr. Acoff, Judge.

13          THE COURT:  Thank you, and good afternoon.  We are

14   reconvening following this morning's proceedings whereby the

15   Court adjourned to allow Mr. Acoff and counsel further time to

16   discuss his intent to plead.

17          Has that occurred?

18          MR. BERRY:  It has occurred, Judge.  My understanding

19   is he does want to plead to the indictment.

20          THE COURT:  Okay.  And again, just to recap, he

21   desires to plead guilty to the charges contained in Counts 1,

22   2, 3, 4, and 5, including the original forfeiture allegation,

23   all within the original indictment; is that correct?

24          MR. BERRY:  That's my understanding, Judge.

25          THE COURT:  And again, to confirm for the record,

JA25

1   there is no applicable plea agreement in this case; is that

2   correct?

3           MR. BERRY:  There's no plea agreement, Judge, but

4   there was a side agreement that I mentioned in our first

5   session with the government as far as the drugs over on the

6   island, so that's an agreement.  It's an agreement between

7   Mr. Acoff, me, and the government.  And she's very well aware

8   of that.  We talked about that just a bit ago.

9           THE COURT:  Is that correct, Ms. Conklin?

10          MS. CONKLIN:  That's correct, Your Honor.

11          THE COURT:  Okay.  Thank you.

12          Mr. Acoff, sir, would you please stand and raise your

13  right hand so that you may be sworn in.

14          (Defendant sworn.)

15          THE COURT:  Mr. Acoff, sir, do you understand that

16  you are now under oath, and that if you were to answer any of

17  these questions falsely, your answers may later be used against

18  you in another prosecution for perjury or for making a false

19  statement?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And do you understand that if you were to

22  lie, it could result in a higher sentence for you?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  During the course of this hearing,

25  Mr. Acoff, I will be asking you several questions.  At any

JA26

 1    point you should feel free to ask questions, ask for an
 2    explanation if you do not understand any of my questions, or
 3    ask for me to pause the proceedings so that you may confer with
 4    Mr. Berry prior to answering any of the questions.
 5            Do you understand that, sir?
 6            THE DEFENDANT:  Yes, sir.
 7            THE COURT:  Would you please state your full name.
 8            THE DEFENDANT:  Dallas Michael Acoff.
 9            THE COURT:  How old are you?
10            THE DEFENDANT:  33.
11            THE COURT:  How far have you gone in school?
12            THE DEFENDANT:  I have my GED.
13            THE COURT:  Can you read, write, and understand the
14    English language?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Have you recently been under the care of
17    a doctor, a psychiatrist, or any other medical professional for
18    any serious physical or mental illness, including addiction
19    to --
20            THE DEFENDANT:  Yes.
21            THE COURT:  -- to drugs or alcohol?
22            THE DEFENDANT:  Yes, sir.
23            THE COURT:  Now, with respect to any of those
24    conditions, Mr. Acoff, do they, or any medication you've been
25    prescribed, in any way affect your ability to hear, to

1  communicate, or to comprehend?

2              THE DEFENDANT:  No, sir.

3              THE COURT:  Are you currently using any form of

4  controlled substance or any medication or alcohol that may

5  affect your ability to understand this proceeding?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  Mr. Berry, do you have any reason to

8  question the competence of Mr. Acoff?

9              MR. BERRY:  I do not, Judge.

10             THE COURT:  Mr. Acoff, are you here today to enter a

11 guilty plea?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Mr. Acoff, the Court would make a finding

14 that you are competent and capable of entering an informed

15 plea.

16             Mr. Acoff, I'm a United States Magistrate Judge.  You

17 are charged in this case with a felony.  That means that you do

18 have the right to have this plea taken by an Article III Judge,

19 sometimes called a District Judge.  Only you can give up that

20 right, and I can only hear your plea if you agree to it by

21 signing a written waiver.  In that regard, the record should

22 reflect that Mr. Acoff has already executed such a waiver form.

23             Mr. Acoff, did you indeed review and sign this waiver

24 form?

25             THE DEFENDANT:  Yes, sir.

1    THE COURT:  Did you understand it?

2    THE DEFENDANT:  Yes, sir.

3    THE COURT:  Did you have an adequate opportunity to

4    speak with Mr. Berry about it?

5    THE DEFENDANT:  Yes, sir.

6    THE COURT:  Did you feel pressured or forced to sign

7    this waiver?

8    THE DEFENDANT:  No, sir.

9    THE COURT:  Mr. Berry, is it also your understanding

10   that Mr. Acoff agrees to this waiver?

11   MR. BERRY:  It is, Judge.

12   THE COURT:  Okay.  The court will then make a finding

13   that the waiver form has been properly executed.  It will be

14   tendered to the clerk for entry.

15   Mr. Acoff, sir, do you understand that you do have a

16   right to be represented by an attorney at every stage of these

17   proceedings, including sentencing, and that if you could not

18   afford an attorney, you would have the right to have one

19   appointed?

20   THE DEFENDANT:  Yes, sir.

21   THE COURT:  Mr. Berry, do you or any member of your

22   office represent anyone, including any codefendants, who may be

23   interested in the outcome of this case?

24   MR. BERRY:  I do not, Judge.

25   THE COURT:  Mr. Acoff, sir, do you believe that

1   you've had an adequate amount of time to discuss your case

2   fully with Mr. Berry?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  Has Mr. Berry been able to answer your

5   questions about how best to proceed in this case?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Is there anything that he has not done

8   which you've asked him to do?

9           THE DEFENDANT:  No, sir.

10          THE COURT:  Are you completely satisfied with the

11  legal advice that you have received from Mr. Berry?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Mr. Berry, during the time that you've

14  represented Mr. Acoff, has he been cooperative with you?

15          MR. BERRY:  He has been cooperative, Judge.

16          THE COURT:  Have you an adequate amount of time to

17  discover the government's case?

18          MR. BERRY:  Yes, sir.

19          THE COURT:  Have you an adequate amount of time to

20  consider possible defenses?

21          MR. BERRY:  I have, Judge.

22          THE COURT:  Do you know of any viable defense to the

23  charges contained in Counts 1, 2, 3, 4, and 5 of the original

24  indictment?

25          MR. BERRY:  No viable defenses, Judge.

1      THE COURT:  Have you had an adequate amount of time

2  to consider possible sentences?

3      MR. BERRY:  We have.

4      THE COURT:  Have you discussed all of these issues

5  with Mr. Acoff?

6      MR. BERRY:  I have, Judge.

7      THE COURT:  Mr. Acoff, it is the Court's

8  understanding that there is no plea agreement in this case.

9  However, you are intending to plead guilty to Counts 1, 2, 3,

10  4, and 5 of the original indictment, as well as the forfeiture

11  allegation; is this correct?

12      THE DEFENDANT:  Yes, sir.

13      THE COURT:  Have you received a copy of the original

14  indictment filed against you?

15      THE DEFENDANT:  Yes, sir.

16      THE COURT:  Have you had an opportunity to read that

17  indictment?

18      THE DEFENDANT:  Yes, sir.

19      THE COURT:  Do you wish for the Court to reread it to

20  you at this time, or are you willing to waive that reading?

21      THE DEFENDANT:  I'll waive the reading.

22      THE COURT:  Thank you.

23      Mr. Acoff, it is the Court's understanding that you

24  are intending to plead guilty to Count 1 of the original

25  indictment which charges you with distribution of cocaine base

within 1,000 feet of a protected location in violation of 21,

United States Code, Sections 841 and 860; is that correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  It's further the Court's understanding

that you are intending to plead guilty to Count 2 of the

original indictment, which charges you with possession with

intent to distribute cocaine base in violation of 21, United

States Code, Section 841; is that correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  It's further the Court's understanding

that you are intending to plead guilty to Count 3 of the

original indictment, which charges you with possession with

intent to distribute cocaine in violation of 21, United States

Code, Section 841; is that correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  And it is further the Court's

understanding that you are intending to plead guilty to Count 4

of the indictment, which charges you with possession with

intent to distribute methamphetamine in violation of 21, United

States Code, Section 841; is that correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  And finally, it is the Court's

understanding that you are intending to plead guilty to Count 5

of the original indictment, which charges you with possession

with intent to distribute fentanyl in violation of 21, United

JA32

1   States Code, Section 841; is that also correct?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Mr. Acoff, how do you plead to the charge

4   contained in Count 1 of the original indictment?

5            THE DEFENDANT:  Guilty.

6            THE COURT:  How do you plead to the charge contained

7   in Count 2 of the original indictment?

8            THE DEFENDANT:  Guilty.

9            THE COURT:  And Mr. Acoff, how do you plead to the

10  charge contained in Count 3 of the original indictment?

11           THE DEFENDANT:  Guilty.

12           THE COURT:  Mr. Acoff, how do you plead to the charge

13  contained in Count 4 of the original indictment?

14           THE DEFENDANT:  Guilty.

15           THE COURT:  And finally, Mr. Acoff, how do you plead

16  to the charge contained in Count 5 of the original indictment?

17           THE DEFENDANT:  Guilty.

18           THE COURT:  Now, Mr. Acoff, before the Court accepts

19  your pleas, I do need to make sure that there is a factual

20  basis for the pleas, that you understand the nature of the

21  charges against you and the consequences of your pleading

22  guilty to those charges, that you also understand the

23  constitutional and other legal rights that you will be giving

24  up by pleading guilty, and that you are pleading guilty

25  voluntarily.

JA33

1        With respect to Count 1, Mr. Acoff, you are charged

2   with distribution of cocaine base within 1,000 feet of a

3   protected location in violation of 21, United States Code,

4   sections 841(a)(1), 841(b)(1)(C), and 860.

5        Title 21, United States Code, Section 841(a)(1), as

6   cited within this indictment, provides in pertinent part as

7   follows:  It shall be unlawful for any person knowingly or

8   intentionally to distribute or dispense a controlled substance.

9   Cocaine base is a controlled substance within the meaning of

10  the law.

11       Title 21, United States Code, Section 860, as cited

12  within this indictment, provides in pertinent part as follows:

13  Any person who violates Section 841(a)(1) of this title by

14  distributing a controlled substance within 1,000 feet of a

15  protected location is subject to:  number one, twice the

16  maximum punishment authorized by Section 841(b) of this title;

17  and number two, at least twice any term of supervised release

18  authorized by Section 841(b) of this title for a first offense.

19       Now, Mr. Acoff, do you understand the criminal

20  statutes under which you've been charged?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Mr. Acoff, if the government had to go to

23  trial in this case, it would have to prove the following

24  elements of Title 21, United States Code, Section 841(a)(1)

25  against you beyond a reasonable doubt:  First, that you

JA34

1  distributed cocaine base; second, that you had knowledge of the

2  distribution; and third, that you intended to distribute

3  cocaine base.

4      Now, in order to establish that you violated Title

5  21, United States Code, Section 860, the government would have

6  to prove the following elements against you beyond a reasonable

7  doubt:  First, that you knowingly delivered a controlled

8  substance to another person; second, that you knew that cocaine

9  base was a controlled substance; and third, that the delivery

10  took place within 1,000 feet of the protected location.

11      Now, Mr. Acoff, do you understand the elements of the

12  statutes under which you've been charged?

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  Now, considering those definitions, do

15  you consider yourself to be guilty of violating 21, United

16  States Code, Sections 841 and 860 with respect to Count 1 of

17  the original indictment?

18      THE DEFENDANT:  Yes, sir.

19      THE COURT:  Now, Mr. Acoff, you are charged in Count

20  2 of this indictment with possession with intent to distribute

21  cocaine base in violation of 21, United States Code, Sections

22  841(a)(1) and 841(b)(1)(C).  Title 21, United States Code,

23  Section 841(a)(1) states in pertinent part as follows:  It

24  shall be unlawful for any person knowingly or intentionally to

25  possess with the intent to distribute a controlled substance.

JA35

1    Cocaine base is a controlled substance within the meaning of

2    the law.

3              Now, Mr. Acoff, do you understand the criminal

4    statute under which you've been charged?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Now, Mr. Acoff, if the government had to

7    go to trial in this case, it would have to prove the following

8    elements of Title 21, United States Code, Section 841(a)(1)

9    against you beyond a reasonable doubt:  First, that you

10   possessed cocaine base; second, that you had knowledge of the

11   possession; and third, that you intended to distribute cocaine

12   base.

13             Now, Mr. Acoff, do you understand the elements of the

14   statute under which you've been charged?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Now, considering those definitions, do

17   you consider yourself to be guilty of violating 21, United

18   States Code, Section 841 with respect to Count 2 of the

19   original indictment?

20             THE DEFENDANT:  I'm challenging two, three and four

21   and five counts of the indictment.

22             THE COURT:  We're talking about Count 2 right now.

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Let me -- I'll repeat that last question

25   for you.  Okay?

1        Considering the definitions that I just read to you

2    with respect to Count 2, do you consider yourself to be guilty

3    of violating 21, United States Code, Section 841 with respect

4    to Count 2 of the original indictment?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  I'm sorry?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Now, with respect to Count 3 of this

9    indictment, Mr. Acoff, you are charged with possession with

10   intent to distribute cocaine in violation of 21, United States

11   Code, Sections 841(a)(1) and 841(b)(1)(C).

12           Title 21, United States Code, Section 841(a)(1)

13   states in pertinent part as follows:  It shall be unlawful for

14   any person knowingly or intentionally to possess with the

15   intent to distribute a controlled substance.  Cocaine is a

16   controlled substance within the meaning of the law.

17           Mr. Acoff, do you understand the criminal statute

18   under which you've been charged?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Now, Mr. Acoff, if the government had to

21   go to trial in this case, it would have to prove the following

22   elements of Title 21, United States Code, Section 841(a)(1)

23   against you beyond a reasonable doubt:  First, that you

24   possessed cocaine; second, that you had knowledge of the

25   possession; and third, that you intended to distribute cocaine.

JA37

1          Now, Mr. Acoff, do you understand the elements of the

2     statute under which you've been charged?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Now, considering those definitions, do

5     you consider yourself to be guilty of violating 21, United

6     States Code, Section 841 with respect to Count 3 of the

7     original indictment?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  With respect to Count 4 of this

10    indictment, Mr. Acoff, you are charged with possession with

11    intent to distribute methamphetamine in violation of 21, United

12    States Code, Sections 841(a)(1) and 841(b)(1)(C).  Title 21,

13    United States Code, Section 841(a)(1) states in pertinent part

14    as follows:  It shall be unlawful for any person knowingly or

15    intentionally to possess with the intent to distribute a

16    controlled substance.  Methamphetamine is a controlled

17    substance within the meaning of the law.

18         Mr. Acoff, do you understand the criminal statute

19    under which you've been charged?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Now, Mr. Acoff, if the government had to

22    go to trial in this case, it would have to prove the following

23    elements of Title 21, United States Code, Section 841(a)(1)

24    against you beyond a reasonable doubt:  First, that you

25    possessed methamphetamine; second, that you had knowledge of

1  the possession; and third, that you intended to distribute

2  methamphetamine.

3          Mr. Acoff, do you understand the elements of the

4  statute under which you've been charged?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Now, considering those definitions, do

7  you consider yourself to be guilty of violating 21, United

8  States Code, Section 841 with respect to Count 4 of the

9  original indictment?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Mr. Acoff, with respect to Count 5 of

12  this indictment, you've been charged with possession with

13  intent to distribute fentanyl in violation of 21, United States

14  Code, Sections 841(a)(1) and 841(b)(1)(C).

15          Title 21, United States Code, Section 841(a)(1)

16  states in pertinent part as follows:  It shall be unlawful for

17  any person knowingly or intentionally to possess with the

18  intent to distribute a controlled substance.  Fentanyl is a

19  controlled substance within the meaning of the law.

20          Mr. Acoff, sir, do you understand the criminal

21  statute under which you've been charged?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Now, Mr. Acoff, if the government had to

24  go to trial in this case, it would have to prove the following

25  elements of Title 21, United States Code, Section 841(a)(1)

1    against you beyond a reasonable doubt:  First, that you

2    possessed fentanyl; second, that you had knowledge of the

3    possession; and third, that you intended to distribute

4    fentanyl.

5            Mr. Acoff, do you understand the elements of the

6    statute under which you've been charged?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Now, Mr. Acoff, considering those

9    definitions, do you consider yourself to be guilty of violating

10   21, United States Code, Section 841 with respect to Count 5 of

11   the original indictment?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Ms. Conklin, would you please present the

14   government's witness or proffer as to what it would have been

15   able to prove in this case.

16           MS. CONKLIN:  Your Honor, the government is going to

17   be proceeding by proffer, if that's okay with the Court.

18           THE COURT:  Okay.  Is there any objection?

19           MR. BERRY:  I have none, Judge.

20           THE COURT:  Thank you.  You may proceed.

21           MS. CONKLIN:  Should this case have gone to trial,

22   the government would have presented evidence that on August

23   5th, 2021, the Ohio Valley Drug Task Force was coordinating a

24   controlled purchase of crack cocaine.  A confidential informant

25   was provided Ohio Valley Drug Task Force funds and was provided

JA40

1    audio and video recording equipment.  The CI's vehicle was

2    searched.  Nothing was located.  And the CI then went to meet

3    an individual named Blake at Pickle's on Fulton Street, and

4    Blake entered the CI's vehicle and continued to drive to the

5    Rose Hill Towers in Bellaire, Ohio.  There the defendant walked

6    from the Rose Hill Towers to the vehicle with a black backpack

7    which he placed in the trunk.  They made a stop at Burger King

8    in Bellaire, and then continued to Blake's apartment in

9    Wheeling, West Virginia, and I believe that is on Fulton

10   Street; specifically, 514 Fulton Street, Apartment D.

11            There at the apartment, the CI purchased a quarter of

12   an ounce of crack cocaine off of the defendant.  The CI then

13   continued to run another errand for the defendant, and after

14   running that errand, did report back to task force officers.

15   The crack cocaine that was provided -- that was purchased from

16   the defendant by the CI was provided to the officers.  That

17   package weighed 7.58 grams and the substance tested positive

18   for cocaine base.

19            The CI reported that the defendant, Mr. Acoff, had

20   weighed the crack cocaine on a scale at the time of selling it,

21   at that time it weighed 7.2 grams without the bag, and that

22   Mr. Acoff had actually broken off that 7.2-gram piece from what

23   appeared to be an ounce of crack cocaine sort of brick.

24            That purchase occurred in Ohio County, in the

25   Northern District of West Virginia, and the apartment was

1  within 1,000 feet of Fulton playground.

2          The government would additionally present evidence

3  that on February 22nd, 2022, in Ohio County, in the Northern

4  District of West Virginia, on February 2nd -- I'm sorry,

5  Wheeling police officers observed a vehicle traveling without

6  headlights.  When an officer tried to -- attempted to make a

7  traffic stop and activated his emergency lights and sirens, the

8  vehicle fled, accelerating through a parking lot, where it

9  nearly struck a pole and becoming airborne briefly.  The

10 vehicle continued to drive dangerously, including proceeding in

11 the lane of oncoming traffic, driving at excessive speeds, and

12 disregarding stop signs.

13         Officers pursued the vehicle, which eventually

14 stopped, and officers observed an individual exit the vehicle

15 and run east wearing a white jacket, dark sweatpants, and a

16 dark hat.  Officers were able to track the individual through

17 previously undisturbed snow on the ground and observed a man

18 hiding in a fenced back yard with an open gate.  When officers

19 detained that individual, who was later identified as

20 Mr. Acoff, he had $100 in his hands and was no longer wearing

21 the white jacket or black hat.

22         Officers searched the location of the pursuit and

23 found a wallet containing Mr. Acoff's Ohio license and a large

24 plastic bag with contraband inside.  Additionally, the white

25 jacket and black hat that Mr. Acoff had initially been wearing

JA42

1   when he exited the vehicle were found on the scene.

2         Mr. Acoff was brought to the Wheeling police station

3   for booking, and officers inquired if he had anything else on

4   him.  Mr. Acoff reached into his pants, towards the back of his

5   pants, and removed a plastic bag containing a white substance.

6   That white substance field-tested positive for fentanyl and

7   weighed approximately 2.7 grams.

8         The other bag that was obtained or retrieved by the

9   police in the pursuit of Mr. Acoff was processed at the

10   Wheeling Police Department.  Officers located three bags

11   containing 17.5 grams of crack cocaine that was field-tested

12   positive for cocaine.  They located one bag containing 7.7

13   grams of cocaine, and that bag also field-tested positive.

14   They located an additional bag containing 7.1 grams of cocaine,

15   and that bag of cocaine field-tested positive.  They located

16   one bag containing 6.0 grams of methamphetamine, and again that

17   field-tested positive.

18         And additionally, officers located 50 green pills

19   with K8 on them, which they were able to identify as oxycodone

20   pills -- 15-milligram oxycodone pills.  This occurred also in

21   Ohio County, in the Northern District of West Virginia.

22         THE COURT:  Okay.  Mr. Berry, do you have any

23   objections to the government's proffer?

24         MR. BERRY:  No objections, Judge, but I would just

25   mention, again, that the agreement that I have -- that

1  Mr. Acoff has with the government regarding the drug weight.

2  As far as the factual part of it, I don't think that we have

3  any objection to that, do you?

4          THE COURT:  Mr. Acoff, sir, do you have any objection

5  to the government's proffer?

6          THE DEFENDANT:  Nothing besides the drugs in itself.

7          THE COURT:  The weights?

8          MR. BERRY:  Yeah, the drug weight.

9          THE COURT:  Mr. Acoff, was the government's evidence

10 which was just presented by way of proffer substantially

11 correct?

12         THE DEFENDANT:  No.  Except for the drug weight.

13         THE COURT:  And did the government's proffer

14 accurately reflect your involvement in what occurred?

15         THE DEFENDANT:  Except the drug weight.

16         THE COURT:  Okay.  Mr. Acoff, sir, I'd like for you

17 now to explain to me what it is that you did that you feel

18 makes you guilty of distribution of cocaine base within 1,000

19 feet of a protected location in violation of 21, United States

20 Code, Sections 841 and 860 as charged within Count 1 of the

21 original indictment.

22         THE DEFENDANT:  That day I went on foot and I, in

23 fact, sold crack cocaine.

24         THE COURT:  And again, did it occur as the government

25 just described within its proffer?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Did these acts occur on or about August

3    the 5th, 2021, at or near Ohio County, located within the

4    Northern District of West Virginia?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Mr. Acoff, I'd like for you now to

7    explain to me what it is that you did that you feel makes you

8    guilty of possession with intent to distribute cocaine base in

9    violation of 21, United States Code, Section 841 as charged

10   within Count 2 of the original indictment.

11         MR. BERRY:  May I have a moment, Judge?

12         THE DEFENDANT:  I fled the scene.  It was a traffic

13   stop.  I didn't stop.  I fled.  And I ran.  Didn't have a

14   license.  I was in Wheeling.  I knew I wasn't supposed to be.

15   Allegedly the police officer found some drugs and he said it

16   was mine.

17         THE COURT:  And again, did these acts occur as

18   described by the government within its proffer?

19         THE DEFENDANT:  Everything but the drug weight.

20         THE COURT:  And did these acts occur on or about

21   February the 2nd, 2022, at or near Ohio County, within the

22   Northern District of West Virginia?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Mr. Acoff, I'd like for you now to

25   explain to me what it is that you did that you feel makes you

JA45

1    guilty of possession with intent to distribute cocaine in

2    violation of 21, United States Code, Section 841 as charged

3    within Count 3 of the original indictment.

4         THE DEFENDANT:  Same thing.  Just fled from the

5    scene.

6         THE COURT:  And again, with respect to Count 3, did

7    these events occur as described by the government within its

8    proffer?

9         THE DEFENDANT:  Everything but the drug weight.

10        THE COURT:  And did these acts occur on or about

11   February the 2nd, 2022, at or near Ohio County, within the

12   Northern District of West Virginia?

13        THE DEFENDANT:  Yes, sir.

14        THE COURT:  Mr. Acoff, I'd like for you now to

15   explain to me what it is that you feel makes you guilty of

16   possession with intent to distribute methamphetamine in

17   violation of 21, United States Code, Section 841 as charged

18   within Count 4 of the original indictment.

19        THE DEFENDANT:  Fled the scene.

20        THE COURT:  Okay.  And did the events surrounding

21   Count 4 occur as described by the government within its

22   proffer?

23        THE DEFENDANT:  Everything but the drug weight.

24        THE COURT:  Did these acts occur on or about February

25   the 2nd, 2022, at or near Ohio County, within the Northern

JA46

1 District of West Virginia?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  And finally, Mr. Acoff, please explain to

4 me what it is that you did that you feel makes you guilty of

5 possession with intent to distribute fentanyl, in violation of

6 21, United States Code, Section 841 as charged in Count 5 of

7 the original indictment.

8         THE DEFENDANT:  Just fled the scene.

9         THE COURT:  And again, with respect to Count 5, was

10 the government's proffer accurate insofar as what occurred?

11         THE DEFENDANT:  Everything but the drug weight.

12         THE COURT:  Did these acts occur on or about February

13 the 2nd, 2022, at or near Ohio County, within the Northern

14 District of West Virginia?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Mr. Berry, are you satisfied that if this

17 case went to trial, that there would be no meritorious legal

18 defenses to these charges?

19         MR. BERRY:  I am, Judge.

20         THE COURT:  Are you satisfied that Mr. Acoff's

21 constitutional and other rights have been observed fully?

22         MR. BERRY:  I am, Judge.

23         THE COURT:  And do you agree with Mr. Acoff's

24 now-stated intention to enter these pleas of guilty?

25         MR. BERRY:  I do.

1          THE COURT:  Mr. Acoff, the Court would then make a

2    finding that there is a sufficient factual basis for your plea

3    of guilty.

4          Mr. Acoff, do you understand that in this case you

5    are intending to plead guilty to felony offenses, and that if

6    your pleas are ultimately accepted, you will be adjudicated

7    guilty of those felony offenses?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  And do you also understand that any such

10   judgment may deprive you of valuable civil rights, such as your

11   right to vote, your right to hold public office, your right to

12   serve on a jury, and your right to possess a firearm or gun of

13   any kind?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Mr. Acoff, I'd like to review with you

16   now the statutory penalties that you could face.

17         First, Mr. Acoff, do you understand that with respect

18   to Count 1, you are exposing yourself to a maximum penalty of

19   one to 40 years of imprisonment, a fine of up to $2 million,

20   and a term of six years of supervised release?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And do you understand that the mandatory

23   minimum sentence under Count 1 includes at least one year of

24   imprisonment?

25         THE DEFENDANT:  Yes, sir.

1        THE COURT:  Do you further understand that the

2   mandatory minimum sentence under Count 1 includes that if you

3   are sentenced to a term of imprisonment, at least six years of

4   supervised release?

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  Mr. Acoff, do you understand that with

7   respect to Count 2, you are exposing yourself to a maximum

8   penalty of 20 years of imprisonment, a fine of up to $1

9   million, and a term of three years of supervised release?

10       THE DEFENDANT:  Yes, sir.

11       THE COURT:  And do you understand that the mandatory

12  minimum sentence under Count 2 includes that if you are

13  sentenced to a term of imprisonment, at least three years of

14  supervised release?

15       THE DEFENDANT:  Yes, sir.

16       MR. BERRY:  Can we have just a second, Judge?

17       (Discussion off the record.)

18       THE COURT:  Let me get back to Count 2.  Do you

19  understand, Mr. Acoff, that the mandatory minimum sentence

20  under Count 2 includes that if you are sentenced to a term of

21  imprisonment, at least three years of supervised release?

22       THE DEFENDANT:  Yes, sir.

23       THE COURT:  Mr. Acoff, do you also understand that

24  with respect to Count 3, you are exposing yourself to a maximum

25  penalty of up to 20 years of imprisonment, a fine of up to $1

1  million, and a term of three years of supervised release?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And do you understand that the mandatory

4  minimum sentence under Count 3 includes that if you are

5  sentenced to a term of imprisonment, at least three years of

6  supervised release?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Mr. Acoff, do you understand that with

9  respect to Count 4, you are exposing yourself to a maximum

10 penalty of up to 20 years of imprisonment, a fine of up to $1

11 million, and a term of three years of supervised release?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  And do you understand that the mandatory

14 minimum sentence under Count 4 includes that if you are

15 sentenced to a term of imprisonment, at least three years of

16 supervised release?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  And finally, Mr. Acoff, with respect to

19 Count 5, do you understand that you are exposing yourself to a

20 maximum penalty of up to 20 years of imprisonment, a fine of up

21 to $1 million, and a term of three years of supervised release?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  And do you understand that the mandatory

24 minimum sentence under Count 5 is that if you are sentenced to

25 a term of imprisonment, at least three years of supervised

JA50

1  release?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Counsel, are either of you aware at this

4  time of any other mandatory minimum sentences which may be

5  applicable?

6          MS. CONKLIN:  No, Your Honor.

7          MR. BERRY:  No, Your Honor.

8          THE COURT:  And other than those which we may have

9  already discussed, are either of you aware at this time of

10  specific offense characteristics, cross-references, or

11  adjustments that may be applicable?

12          MS. CONKLIN:  Not at this time, Your Honor.

13          MR. BERRY:  No cross-references, Judge, and there may

14  be some offense characteristics, but we haven't delved into

15  that yet.

16          THE COURT:  Mr. Acoff, do you understand, sir, that

17  supervised release means that after imprisonment, you will be

18  supervised by the probation office under conditions that will

19  be set by the Court?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And do you understand that if you were to

22  violate the terms of supervised release, the Court could revoke

23  that term and order you to serve a term in prison?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Do you also understand that you will be

1   required to pay a special assessment of $500 for having been

2   convicted of five felony offenses?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  And do you understand that as part of any

5   fine imposed, you could be required to pay the cost of

6   incarceration and/or the cost of supervision on release?

7           THE DEFENDANT:  Yes, sir.

8           MR. BERRY:  A second, Judge, please.

9           (Discussion off the record.)

10          MR. BERRY:  I think we're ready, Judge.

11          THE COURT:  Mr. Acoff, do you also understand that

12  the Court in this case does have the authority to order

13  restitution?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  And if applicable, do you understand that

16  the government may seek forfeiture in your case?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you also understand and affirm that

19  you are pleading guilty to the forfeiture allegation contained

20  within the indictment?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  And do you understand, Mr. Acoff, that by

23  pleading guilty, if you are not a citizen of the United States,

24  you may be removed from the country, denied citizenship, and

25  denied admission to the United States in the future?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Mr. Acoff, do you also understand that

3 the United States Sentencing Guidelines will play a very

4 important role in determining an ultimate sentence in your

5 case?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Have you and Mr. Berry had an opportunity

8 to discuss the application of these guidelines to your case?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Do you understand that the Court will not

11 be able to determine the applicable advisory guideline sentence

12 for your case until after the presentence investigation report

13 has been completed and both you and the government have had an

14 opportunity to review it and to challenge the facts determined

15 by the probation officer, as well as the application of the

16 guidelines recommended by the probation officer?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  And do you understand that any sentence

19 ultimately imposed by the Court may be different from any

20 estimate that Mr. Berry may have given you or what you thought

21 it would be?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you also understand that the Court

24 must calculate the applicable sentencing guidelines and

25 consider that range, and the Court must also consider possible

JA53

1  departures under the guidelines as well as other sentencing

2  factors contained in 18, United States Code, Section 3553(a)?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you understand, Mr. Acoff, that the

5  Court is not bound by the advisory guideline range and does

6  have the authority to impose a sentence that is more severe or

7  less severe than the sentence called for by the guidelines?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  And do you understand that parole has

10  been abolished, and that you will not be released on parole if

11  you are sentenced to prison?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Do you also understand that even if you

14  do not like the sentence imposed upon you by the Court, you

15  will still be bound by your plea and will have no right to

16  withdraw it?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you understand that you do have a

19  right to testify at your sentencing hearing if you desire?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Mr. Acoff, everyone found guilty of a

22  crime in federal court within this district has a right to

23  appeal their conviction and sentence to the United States

24  Fourth Circuit Court of Appeals located in Richmond, Virginia.

25  There a three-judge panel would review the conviction and

JA54

1   sentence in order to determine if they are correct.

2           Do you understand that, sir?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  And do you also understand that you may

5   have a right to appeal your conviction if you believe that the

6   guilty plea was unlawful or involuntary, or that there was some

7   other fundamental defect in the proceedings?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  However, do you agree that your guilty

10  pleas today are lawful and voluntary and that there has been no

11  fundamental defect in the proceedings that you are aware of?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Do you also understand, Mr. Acoff, that

14  everyone has the right to challenge their conviction or

15  sentence or the manner in which it was determined in a

16  postconviction proceeding, sometimes called a habeas corpus

17  petition or a collateral attack, under Title 28, United States

18  Code, Section 2255?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you understand that your legal

21  remedies on appeal or collateral attack include claims of

22  ineffective assistance of counsel or prosecutorial misconduct?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  However, do you agree, Mr. Acoff, that

25  there is currently no known evidence of ineffective assistance

1    of counsel or prosecutorial misconduct?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Do you also understand, Mr. Acoff, that

4    you or the government may have a right to appeal any sentence

5    that the Court imposes?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Mr. Acoff, do you also understand that

8    with few exceptions, any notice of appeal must be filed within

9    14 days of judgment being entered in your case?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Mr. Acoff, the Court would then make a

12   finding that you do understand the nature of these charges and

13   the consequences of a guilty plea.

14          THE DEFENDANT:  Yes.

15          THE COURT:  Mr. Acoff, do you understand, sir, that

16   you do have the right to continue to plead not guilty to these

17   charges?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you understand that by pleading

20   guilty, you are giving up your right to a speedy and public

21   trial by a jury?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you also understand that by pleading

24   guilty, you are giving up your right to force the government to

25   come forward with witnesses and evidence against you?

JA56

1    THE DEFENDANT:  Yes, sir.

2    THE COURT:  Do you understand that you would have

3  been presumed innocent until the government presented enough

4  evidence to satisfy both the Court and a jury beyond a

5  reasonable doubt of your guilt?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT:  Do you understand, Mr. Acoff, that when

8  you admit your guilt, you are relieving the government of the

9  burden of proving your guilt?

10    THE DEFENDANT:  Yes, sir.

11    THE COURT:  Do you understand that you would have had

12  the right to assistance of counsel at trial?

13    THE DEFENDANT:  Yes, sir.

14    THE COURT:  Do you understand that both you and

15  Mr. Berry would have had the right to confront and the

16  cross-examine your accusers and to test the truth of what they

17  said?

18    THE DEFENDANT:  Yes, sir.

19    THE COURT:  Do you understand that by pleading

20  guilty, you are giving up these rights?

21    THE DEFENDANT:  Yes, sir.

22    THE COURT:  Do you also understand that had you

23  desired to go to trial and wished to call witnesses, that you

24  would have been entitled to the services of the U.S. Marshal to

25  bring witnesses to court under subpoena?

1      THE DEFENDANT:  Yes, sir.

2      THE COURT:  Do you understand that by pleading

3 guilty, you are giving up the right to call witnesses except at

4 your sentencing hearing?

5      THE DEFENDANT:  Yes, sir.

6      THE COURT:  Do you understand that you would have had

7 the right to file motions to suppress or, in other words, to

8 keep away from the jury's hearing and consideration any

9 evidence of any nature that has been illegally or unlawfully

10 obtained?

11      THE DEFENDANT:  Yes, sir.

12      THE COURT:  Do you understand that had you desired to

13 go to trial, that you would have had the right to testify at

14 the trial?

15      THE DEFENDANT:  Yes, sir.

16      THE COURT:  Do you also understand that you could not

17 have been compelled or forced to testify against your will?

18      THE DEFENDANT:  Yes, sir.

19      THE COURT:  Do you understand that you would have had

20 the right to go to trial and remain silent, that is, to not

21 take the witness stand or not to call any witnesses or not to

22 present any evidence whatsoever on your own behalf?

23      THE DEFENDANT:  Yes, sir.

24      THE COURT:  Do you understand that the Court would

25 have instructed the jury that they could not convict you

JA58

1  because of the exercise of your constitutional right to remain

2  silent, but only based on an offer of proof from the

3  government?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand that you are giving up

6  your right to a unanimous verdict from a jury?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Mr. Berry, do you believe that Mr. Acoff

9  fully understands the consequences of his guilty plea?

10         MR. BERRY:  I do, Your Honor.

11         THE COURT:  Mr. Acoff, the Court would then make a

12  finding that you do understand the constitutional and other

13  legal rights that you will be giving up by pleading guilty.

14         Mr. Acoff, knowing all of these things that we have

15  been discussing today, do you still wish to plead guilty at

16  this time?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Has anyone forced you, threatened you,

19  coerced you, intimidated you, or talked you into entering a

20  guilty plea against your will?

21         THE DEFENDANT:  No, sir.

22         THE COURT:  Are you acting voluntarily and of your

23  own free will in entering these guilty pleas?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Are you pleading guilty because you are

1    guilty of the crimes charged in Counts 1, 2, 3, 4, and 5 of the
2    original indictment?

3            THE DEFENDANT:  Everything but the drug weight.

4            THE COURT:  So the answer is yes, except for drug
5    weights?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Mr. Acoff, has anyone promised you or
8    told you something that is different from what I have told you
9    today in order to get you to plead guilty?

10           THE DEFENDANT:  No, sir.

11           THE COURT:  Are you pleading guilty to protect
12   anyone?

13           THE DEFENDANT:  No, sir.

14           THE COURT:  Has anyone promised or predicted the
15   exact sentence which will be imposed upon you in this case?

16           THE DEFENDANT:  No, sir.

17           THE COURT:  Do you understand, Mr. Acoff, that at
18   this time, no one could know the exact sentence which will be
19   imposed in this case?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Mr. Acoff, have you been able to fully
22   understand what is going on in these proceedings today?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Mr. Acoff, then the Court will make a
25   finding that your guilty pleas are voluntary.

1        Mr. Acoff, at this time, sir, do you have any

2    questions or any second thoughts about entering these pleas of

3    guilty?

4            THE DEFENDANT:  No, sir.

5            THE COURT:  Would you please stand.

6            Mr. Acoff, how do you plead to Count 1 of the

7    original indictment charging you with distribution of cocaine

8    base within 1,000 feet of a protected location?

9            THE DEFENDANT:  Guilty.

10           THE COURT:  The record should reflect that

11   Mr. Acoff's pled guilty to Count 1 of the indictment.

12           Mr. Acoff, how do you plead to Count 2 of the

13   original indictment charging you with possession with intent to

14   distribute cocaine base?

15           THE DEFENDANT:  Guilty.

16           THE COURT:  Record should reflect defendant's pled

17   guilty to Count 2 of the indictment.

18           Mr. Acoff, how do you plead to Count 3 of the

19   original indictment charging you with possession with intent to

20   distribute cocaine?

21           THE DEFENDANT:  Guilty.

22           THE COURT:  Record should reflect defendant's pled

23   guilty to Count 3 of the indictment.

24           Mr. Acoff, how do you plead to Count 4 of the

25   original indictment charging you with possession with intent to

JA61

1  distribute methamphetamine?

2          THE DEFENDANT:  Guilty.

3          THE COURT:  Record should reflect defendant's pled

4  guilty to Count 4 of the original indictment.

5          And finally, Mr. Acoff, how do you plead to Count 5

6  of the original indictment charging you with possession with

7  intent to distribute fentanyl?

8          THE DEFENDANT:  Guilty.

9          THE COURT:  Record should reflect that Mr. Acoff's

10  pled guilty to Count 5 of the original indictment.

11          Thank you, sir.  You may have a seat.

12          In the case of United States versus Dallas Michael

13  Acoff, the Court would first find that Mr. Acoff is fully

14  competent and capable of entering into an informed plea; that

15  there is a sufficient factual basis for his pleas of guilty;

16  that he understands the nature of the charges and the

17  consequences of a guilty plea to those charges; that Mr. Acoff

18  also understands the constitutional and other legal rights he

19  is giving up because of the pleas; and that Mr. Acoff's pleas

20  were voluntary.

21          While the Court defers adjudicating Mr. Acoff guilty

22  to the sentencing court, I do, however, accept his pleas of

23  guilty to Counts 1, 2, 3, 4, and 5 of the original indictment.

24          Mr. Acoff, the sentencing court in this case must

25  consider the following factors when determining the ultimate

1  sentence that you will receive:  Number one, the nature and

2  circumstances of the offense; number two, your history and

3  characteristics; three, the necessity of punishing you,

4  deterring you, protecting the public from you, or providing you

5  with training, medical care, or other treatment; four, the

6  kinds of sentences and the sentencing range established by the

7  sentencing guidelines; five, the need to give defendants with

8  similar criminal records similar sentences; and six, the need

9  to provide restitution to any victims of the offense.

10          Now, in order to help the Court consider these

11  factors, the probation office is required to conduct a

12  presentence investigation of you and submit a report to the

13  sentencing court.  The information within this report may have

14  an impact upon any sentence that you ultimately receive.

15  Therefore, you may wish to discuss with Mr. Berry what options

16  are best for you during this process.

17          Do you understand that, sir?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you also understand, Mr. Acoff, that

20  you must not commit any crimes between now and sentencing,

21  because there are additional punishments that may be imposed

22  for committing additional crimes?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Pursuant to Section 6A1 of the sentencing

25  guidelines, the Court orders the probation office to conduct a

presence investigation of Mr. Acoff, prepare a draft

presence investigation report, and disclose its contents to

both the government and Mr. Acoff.

The Court further directs that the probation officer

and all parties comply with Federal Rule of Criminal Procedure

32 and Sentencing Guideline Section 6A1.2 regarding deadlines

for disclosures, objections, departures, and other sentencing

statement requirements.

Judge Bailey, being the sentencing court, will

schedule this matter for sentencing following receipt and

review of the presentence investigation report.

And counsel, of course, if you do anticipate a

lengthy sentencing hearing, if you could please provide a

courtesy call to Judge Bailey's chambers to alert him, that

would be very much appreciated.

MR. BERRY:  Certainly.

THE COURT:  Counsel, is there anything else we need

to take up at this time?

MS. CONKLIN:  Nothing further from the government.

MR. BERRY:  No, Your Honor.

THE COURT:  Thank you very much.  Mr. Acoff will be

remanded to custody of the United States Marshals.

(Proceedings concluded at 1:25 p.m.)

JA64

1                      CERTIFICATE

2

3          I, Cindy L. Knecht, Registered Professional Reporter

4    and Official Reporter of the United States District Court for

5    the Northern District of West Virginia, do hereby certify that

6    the foregoing is a true and correct transcript to the best of

7    my ability of the taped proceedings had in the above-styled

8    action on October 18, 2022, as reported by me in stenotypy.

9          I certify that the transcript fees and format comply with

10   those prescribed by the Court and Judicial Conference of the

11   United States.

12          Given under my hand this 24th day of April 2023.

13                          /s/Cindy L. Knecht
                            _____
14                          Cindy L. Knecht, RMR/CRR
                            Official Reporter, United States
15                          District Court for the Northern
                            District of West Virginia
16                            -  -  -

17

18

19

20

21

22

23

24

25

JA65

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF WEST VIRGINIA

3    United States of America,

4          Plaintiff,

5              VS.                    CRIMINAL ACTION NO.

6                                     5:22-cr-13

7    Dallas Acoff,

8          Defendant.

9                        - - -

10        Proceedings had in the sentencing hearing of the

11   above-styled action on February 16, 2023, before Honorable John

12   Preston Bailey, District Judge, at Wheeling, West Virginia.

13                       - - -

14        APPEARANCES:

15        On behalf of the United States of America:

16        Shawn M. Adkins
          Assistant United States Attorney
17        United States Attorney's Office
          P.O. Box 591
18        Wheeling, WV  26003
          304.234.0100

19

20        On behalf of the Defendant:

21        Charles T. Berry
          PO Box 114
22        Kingmont, WV  26578
          304.363.3564

23

24        The defendant was present in person.

25        Proceedings recorded utilizing realtime translation.
          Transcript produced by computer-aided transcription.

Cindy L. Knecht, RMR/CRR/CBC/CCP
PO Box 326  Wheeling, WV  26003  304.234.3968

JA66

1

2                               Thursday Afternoon Session,

3                               February 16, 2023, 1:40 p.m.

4                          - - -

5          THE CLERK:  This is the case of the United States of

6   America versus Dallas Michael Acoff, Criminal Action Number

7   5:22-CR-13.

8          Will the parties please note their appearance for the

9   record.

10         MR. ADKINS:  Shawn Adkins on behalf of the United

11  States, Your Honor.

12         MR. BERRY:  Charles Berry for Mr. Acoff, Your Honor.

13         THE COURT:  The Court notes that Mr. Acoff is in the

14  courtroom.  I would ask the clerk to administer an oath to him.

15         (Defendant sworn.)

16         THE COURT:  Mr. Acoff, I'll remind you that you've

17  now been placed under oath, and if you make any untruthful

18  statements or answers during today's hearing, those untruthful

19  statements or answers could form the basis for a separate

20  action for perjury or false swearing.  That having been said,

21  you should feel free to ask questions, to ask for an

22  explanation if you don't understand something, and certainly at

23  all times to discuss any matter with your lawyer.

24         Do you understand that, sir?

25         THE DEFENDANT:  Yes, sir.

1          THE COURT:  Has defense counsel received the

2     presence investigation report and reviewed it with the

3     defendant?

4          MR. BERRY:  Yes, Your Honor.

5          THE COURT:  Mr. Acoff, have you received the

6     presence report and gone over it with your lawyer?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Has the government received and reviewed

9     the presence report?

10          MR. ADKINS:  Yes, Your Honor.

11          THE COURT:  Are there any issues in dispute with

12     regard to the presence report?

13          MR. ADKINS:  I don't believe so, Your Honor.

14          MR. BERRY:  There were some objections filed, Judge,

15     but we're withdrawing those.

16          THE COURT:  All right.  The presence report is

17     accepted and ordered filed and made a part of the record

18     herein.  It will be placed in the record under seal.  In the

19     event of an appeal of the sentence imposed herein, counsel on

20     appeal will be permitted access to the sealed report.  Counsel

21     on appeal are not, however, permitted access to the

22     recommendations section of the presence report.

23          On October 18, 2022, this defendant appeared in the

24     United States Magistrate Court for the Northern District of

25     West Virginia sitting in Wheeling.  At that time this defendant

1   tendered a plea of guilty to Counts 1 through 5 of the

2   indictment.  After consideration, the Court accepted the

3   defendant's plea of guilty to the crimes charged in Counts 1

4   through 5, but deferred adjudging the defendant guilty.

5         Subsequent to the acceptance of the guilty plea, a

6   presentence investigation report was ordered.  Having now

7   received and reviewed the presentence investigation report,

8   this Court finds that the charge to which Mr. Acoff is pleading

9   adequately reflects the seriousness of the offense behavior.

10         At this time, Mr. Acoff, this Court now accepts your

11   plea of guilty and you stand convicted of the offenses to which

12   you've agreed to plead guilty under your plea agreement.

13         I will now announce my tentative findings as to the

14   applicable guidelines.  The base offense level is 24, plus one

15   additional level for protected location, results in an adjusted

16   offense level of 25, less two levels for acceptance of

17   responsibility.

18         What's the government's position with regard to the

19   third level?

20         MR. ADKINS:  Move for the third level, Your Honor.

21         THE COURT:  Government's motion for a third level is

22   granted, resulting in a total offense level of 22.  The

23   criminal history category is V.  With a total offense level

24   two, criminal history category V, the guidelines call for

25   incarceration of 77 to 96 months, no eligibility for probation,

1   six years of supervised release on Count 1 and three years on

2   Counts 2 through 5, a fine of $15,000 to $6 million,

3   restitution is not implicated, and the special assessment of

4   $100 on each of the five counts is mandatory.

5           The Court notes the cost of imprisonment is $3,688

6   per month, the cost of community confinement is $2,980 per

7   month, and the cost of supervision is $372 per month.

8           Are there any legal objections to the tentative

9   guideline finings?

10          MR. ADKINS:  No, Your Honor.

11          MR. BERRY:  No, Your Honor.

12          THE COURT:  All right.  The guidelines as announced

13  will be the advisory guidelines applicable to the sentencing in

14  this case, and I will recognize defense counsel for a statement

15  on behalf of the defendant.

16          MR. BERRY:  Thank you, Your Honor.

17          Your Honor, I filed a sentencing memorandum.

18  Actually, I filed it and a motion to file it late at the same

19  time.  I apologize for that.  I've been sick for two or three

20  days, and the first opportunity.

21          I trust that the Court has read the sentencing memo.

22  And, Judge, there's not a whole lot more that I can add to

23  that, other than if you look at Mr. Acoff, it appears that --

24  it not only appears, but he has been in a revolving door.  He

25  goes to jail or goes to prison.  He gets out, he goes to jail,

1  he goes to prison, and we're back -- we're still in that

2  revolving door.

3          I noted, Judge, that in his PSR that there's two or

4  three references to him having schizophrenia.  I want you to

5  know that I tried to get a Ph.D. psychologist to go up and

6  evaluate him at NEOCC.  She had actually worked for the BOP

7  before.  But because of her practice, it would be a daylong

8  thing for her, and she just couldn't and wouldn't do it.

9          But Judge, I would encourage the Court to strongly

10  recommend to the Bureau of Prisons that Mr. Acoff be sent to a

11  medical facility, at least initially, to where he can be

12  evaluated, and if found to have schizophrenia -- and like I

13  said, he's already been diagnosed with that -- to receive

14  treatment that will get him out of the revolving door that he's

15  in.

16          There's got to be something, Judge.  You look at his

17  criminal history, and it started at age 15 and he's now 34.

18  And it's been the same story over and over.  I mean, it's my

19  belief that people aren't born criminals, that there has to be

20  some interceding something to cause that to occur.  If he's not

21  thinking clearly, if he's delusional as far as his thinking is

22  concerned, that very well could be it.

23          I'm not a doctor, not claiming to be.  But I don't

24  think that we have anything to lose, don't think the Court has

25  anything to lose or that society has anything to lose to give

1   this a shot, to recommend him to go to a medical facility where

2   he can receive the testing and treatment, if, in fact, the

3   testing shows that it's needed and necessary.

4         So other than that, Judge, I would ask for a low end

5   sentence, and again, implore you, Judge, to make that

6   recommendation.  Thank you.

7         THE COURT:  Thank you.

8         Mr. Acoff, do you wish to make a statement to the

9   Court?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Go ahead.

12         THE DEFENDANT:  I would like to apologize to the

13   courts, to my family, and to the community for my actions.  I

14   would really like some mental health help and some physical

15   help.  I've been shot.  I've been losing family members.  It's

16   not an excuse.  It's just something I've been dealing with.  I

17   just lost my dad to mental health, colon cancer, starting to

18   see some of the symptoms he had in myself.  I really want to

19   seek help for my mental health and my substance abuse problems.

20         THE COURT:  Mr. Adkins.

21         MR. ADKINS:  Your Honor, first, I don't have any

22   issues with the Court obviously recommending any kind of

23   treatment within the Bureau of Prisons as set forth by defense

24   counsel.

25         First, to just talk about Mr. Acoff's involvement in

1  this case and then go into his criminal history, Mr. Acoff's

2  involvement in the instant case is twofold.  One, we have a

3  controlled purchase which he distributed as set forth in the

4  presentence report.  I want to make this correction, Your

5  Honor.  Actually got a lab report back.  It does not change the

6  calculations or anything, so I don't want to confuse things,

7  but we did get a lab report back, and I don't want to

8  misrepresent what was in Count 1 on page 2 of the presentence

9  report.  It says 7.58 grams.  My lab report says 6.55 grams of

10 cocaine base.  Again, it doesn't change the calculations here,

11 but I wanted the Court to be aware of that.

12         In addition, Your Honor, I wanted -- with respect to

13 Count 1, as I was saying, this is a controlled purchase for

14 $410 of cocaine base, 6.55 grams.  That occurred on August 5th,

15 2021.  I'll get to the point of that date in just one moment,

16 but with respect to Counts 2 through 5 of this indictment, this

17 is, as I set forth in the presentence report, in my version,

18 February 2nd, 2022, at 3:19 in the morning, the Wheeling police

19 attempted to stop a vehicle that Mr. Acoff was in.  He fled in

20 that vehicle.  Then he fled on foot.  And that's when we

21 revealed the drugs that were laying in the snow next to his

22 wallet, as we set forth those approximate amounts as -- in the

23 government's version of the offense.

24         In addition, as I stated, the fentanyl that was found

25 was handed over by Acoff once he got back to the police

JA73

1    station, and it was somewhere hidden on his person.  So this is

2    a controlled purchase which obviously he was unaware of, and

3    then later on we have this incident where he flees from the

4    Wheeling police.

5           With that being said, Your Honor, and as Mr. Berry

6    alluded to, Mr. Acoff has been here before.  As a matter of

7    fact, he's been before this Court before, back in -- and I

8    don't typically go there in presentence reports, Your Honor,

9    but I'd be remiss if I didn't.  In paragraph 39 of the

10   presentence report, he was charged with, when he was 15,

11   aggravated robbery with a firearm specification.  In that, as

12   the presentence report states on page 7, the defendant robbed,

13   while using a sawed-off shotgun, an automobile belonging to a

14   victim.  He did do a period of commitment in the Ohio system

15   for that offense, but he was 15 when he committed that offense

16   with a firearm.

17          Fast-forward to when Mr. Acoff was 19 years old.

18   Again, as you see going from page 7 to page 8, he fled on scene

19   on foot from officers in that case.  After a vehicle, I

20   believe, was stopped, they were asked to exit, he was advised

21   he was under arrest but refused to stop and later was charged.

22          In his first federal conviction before this Court in

23   paragraph 46 -- and this is where I'll start a little bit of a

24   time line, Judge.  On July 22nd, 2021, he was charged in this

25   court with conspiracy to distribute cocaine base.  He pled

1    guilty in August of 2011, was sentenced in October of 2011 to

2    41 months, and three years of supervised release.  This

3    conspiracy, as set forth on page 10 of the PSR, is, again, a

4    controlled purchases made by a confidential informant.  Five,

5    as listed in the presentence report, were completed off of

6    Mr. Acoff.

7         Interesting thing about this case, as I'm sure you're

8    aware, Judge, is while he was on his sentence in this case, he

9    was released to a halfway house to finish out his sentence in

10   that case and he escaped from that halfway house.  Those --

11   that's indicated in paragraph 47 of the presentence report,

12   that he was at a halfway house here in Wheeling and he escaped.

13   He pled guilty to that escape charge in April, on April 7th of

14   2014, was given a sentence of an additional three months

15   consecutive to his sentence for the conspiracy charge that I

16   just spoke about, in June of 2014.

17        So then there's -- after that, he finished serving

18   that sentence, and then what do we have next, his supervised

19   release starts in October of 2014.  That supervised release was

20   for the conspiracy offense and that escape offense.  Less than

21   a year later, we have what's contained in paragraph 48 of the

22   presentence report, where the events that's contained in that,

23   and those events on October 9th, 2015, states that a charge of

24   malicious assault was dismissed.  Records indicate that on

25   October 9th, 2015, police officers responded to Jacob Street in

JA75

1   regards to a complaint of multiple shots fired.  Officers

2   observed the victim, Mr. Coleman, lying on the ground covered

3   in blood.  Medical units responded, but he was pronounced dead

4   as a result of a gunshot wound to his chest.

5           I know the Court's aware and sees what's in

6   paragraph -- the paragraph to follow that on page 12.  There

7   was a legal -- there were legal issues with respect to that

8   charge, as he was initially found guilty of murder in the

9   second degree.  But just -- I know the Court understands the

10  legal issues, and they're well set forth in the presentence

11  report, but after those allegations occurred in 2015, he was

12  sentenced on that wanton endangerment and completed his

13  sentence on November 8th of 2019.

14          After that, he was done with his state sentence and

15  he was back in federal custody again.  And when he completed

16  that federal custody in December of 2019, he was -- his federal

17  supervised release was revoked on those escape and conspiracy

18  charges, and then he was again sentenced back, only to be

19  released on May 28th of 2021.

20          That gets me back to what we have in this case, Your

21  Honor.  Sixty-nine days later, after he was released from

22  custody, on May 28, 2021, the buy in Count 1 of our indictment

23  occurs, on August 5th, 2021, after he spent all that time in

24  custody.  Sixty-nine days following his release we're buying

25  cocaine base off of him.

JA76

1    And then, as the Court knows, just a couple months

2 later, in February of 2022, we have the facts surrounding

3 Counts 2 through 5.

4    I think the guidelines are correctly calculated, but

5 I do have to make this one motion, Your Honor.  With respect to

6 new guidance from the Department of Justice, I would ask the

7 Court to consider the cocaine base in this case to the

8 equivalent of cocaine, powder cocaine, and vary the sentence

9 from cocaine base equivalent to the cocaine.  I know that would

10 drop him a couple levels.  I don't know the Court's opinion on

11 that.  This is the first time I'm making the motion with the

12 Court with respect to that, but that's something I have to

13 make.

14    THE COURT:  You want me to pretend something's not as

15 it is.

16    MR. ADKINS:  You don't have to pretend anything, Your

17 Honor, but if you -- that's just a variance motion with respect

18 to the crack cocaine and the cocaine disparity that the

19 department would like me to make in these types of cases.  With

20 respect to that, Your Honor, and your ruling with respect to

21 that variance, I would say that a sentence within the guideline

22 range is more than appropriate.  And I think Mr. Acoff has

23 shown from the time he was 15 years old, first having that

24 firearm with a robbery, all the way up to this incident that we

25 see that I described with the wanton endangerment and attempted

1   murder, again, a firearm involved, and now these charges, I

2   don't believe Mr. Acoff can conform to the law.  I think he's

3   shown that on many occasions.  Given chances before, given

4   supervised release before, given halfway house before, and

5   we're here again.  So with respect to that, Your Honor, I'd ask

6   a sentence within the guideline range as the Court finds

7   appropriate, based on my motion.

8           MR. BERRY:  Judge, before you pass sentence, could I

9   respond to that for just a moment?

10          THE COURT:  Sure.

11          MR. BERRY:  There is absolutely no doubt that

12  Mr. Acoff has a long and varied criminal history.  Nobody

13  doubted that.  I'm not doubting that.  But if you think about

14  it, Judge, I mean, something's got to cause that.  You don't

15  just get out of jail and go right back to doing what you were

16  doing before.  There has to be some delusional thinking

17  involved.  There has to be.  There's got to be something that

18  would cause this.

19          And it's not like that I'm coming in trying to sing

20  the Kumbaya song for Mr. Acoff, but to treat this, Judge,

21  there's got to be a cause.  And I think that that cause at

22  least should be investigated and he should be tested.

23          And as far as the downward variance, it wasn't my

24  part to make that, because the memo didn't address me.  It

25  addressed the AUSAs.  Don't know what you feel about that.  I

1  got a feeling that you're not too keen on it.  But it is what

2  it is.  But apparently, the Attorney General Garland thinks

3  that that's the way it should be.  He's not sitting in this

4  courtroom.  He's not sitting in your chair.  I realize that,

5  but might want to consider that, Judge.  Thank you.

6          THE COURT:  I'd ask the defendant please rise.

7          Pursuant to the Sentencing Reform Act of 1984, it's

8  the judgment of this Court that the defendant, Dallas Michael

9  Acoff, is hereby committed to the custody of the Bureau of

10  Prisons to be imprisoned for a term of 240 months as to each

11  count, to be served concurrently.  Defendant is to receive

12  credit for time served from February 2nd, 2022, to April 5,

13  2022, and -- when did he go back in?

14          THE PROBATION OFFICER:  Your Honor, he was out for a

15  little bit and then he got the parole revocation.  That's why

16  the time's like that.

17          THE COURT:  And whatever time --

18          THE PROBATION OFFICER:  To the present.

19          THE COURT:  To the present.  All right.

20          The Court makes the following recommendations to the

21  Bureau of Prisons:  that the defendant be incarcerated at a

22  facility as close to Cleveland, Ohio, as possible, including

23  where he can receive drug treatment, including the 500-hour

24  Residential Drug Abuse Treatment Program as determined by the

25  Bureau of Prisons; that the defendant be evaluated for and be

1   allowed to participate in mental health treatment while

2   incarcerated as determined by the Bureau of Prisons; and that

3   the defendant be allowed to participate in any educational or

4   vocational opportunities while incarcerated as determined by

5   the Bureau of Prisons.

6           Upon release from imprisonment, the defendant shall

7   be placed on supervised release for a term of six years as to

8   Count 1 and three years as to each -- every other count, to be

9   served concurrently.

10          Mr. Acoff, while on supervised release, you must

11  comply with the following mandatory conditions:  You must not

12  commit another federal, state, or local crime.  You must not

13  unlawfully possess a controlled substance.  You must refrain

14  from any unlawful use of a controlled substance.  You must

15  submit to one drug test within 15 days of your release from

16  imprisonment and at least two periodic drug tests thereafter as

17  determined by the probation officer.  You must cooperate in the

18  collection of DNA as directed by the probation officer.

19          You must also comply with the standard conditions

20  that have been adopted by this Court in its November 29, 2016

21  standing order, as well as the following special conditions:

22  You must participate in a substance abuse treatment program.

23  The probation officer will supervise your participation in the

24  program.  You must submit to substance abuse testing to

25  determine if you've used a prohibited substance.  You must not

JA80

1  attempt to obstruct or tamper with the testing methods.

2         You must participate in a mental health treatment

3  program and follow the rules and regulations of that program.

4  The probation officer, in consultation with the treatment

5  provider, will supervise your participation in the program.

6  You must take all mental health medications that are prescribed

7  by your treating physician.

8         You must comply with the offender employment program,

9  which may include participation in training, counseling, and/or

10  daily job search as directed by the probation officer.  Unless

11  excused for legitimate reasons, if not in compliance with the

12  condition of supervision requiring full-time employment at a

13  lawful occupation, you may be required to perform up to 20

14  hours of community service per week until employed as approved

15  by the probation officer.

16         It's further ordered the defendant shall pay to the

17  United States a special assessment fee in the amount of $100 on

18  each count, for a total of $500.  The Court finds the defendant

19  does not have the ability to pay a fine and the Court will

20  waive a fine in this case.

21         Is there a forfeiture allegation?

22         MR. ADKINS:  No, Your Honor.

23         THE COURT:  All right.  Thank you.  Restitution is

24  not implicated.

25         You may be seated, sir.

1       In reaching my decision as to the proper sentence to

2   be imposed in this case, I've considered all the factors set

3   forth in 18 U.S.C. Section 3553. And in doing so, I am, for the

4   record, denying the government's motion for a downward variance

5   based on the disparity between crack and regular cocaine.

6       Here we have a young man who, over at least the last

7   ten years or so, has been in jail a lot more than he's been

8   out. He has shown an inability to follow the rules and

9   regulations of society. When he has been -- he's never

10  successfully completed a term of supervision, and was on

11  supervision when the instant offense was committed.

12      It is his third felony conviction in this district.

13  He's had aggravated robbery with a sawed-off shotgun, carrying

14  a concealed weapon, and was convicted of murder. That was set

15  aside and for some reason pled to attempted murder, yet the

16  victim's still dead. I believe, based on all this, the

17  criminal history is grossly understated. It's properly

18  calculated, but it's grossly understated. And this community

19  and the communities in Ohio need to be protected from

20  Mr. Acoff.

21      Now, defense has made the argument, well, there must

22  be something mentally wrong. Maybe there is. I'm no more of a

23  doctor than defense counsel is. But I have put in his sentence

24  that he's to be evaluated for mental health and to receive

25  treatment.

1    I've imposed a term of supervised release to allow

2    the probation office to monitor the defendant when he is

3    released from incarceration.

4    In imposing a fine below the guideline range, this

5    Court makes the following findings under 18 U.S.C. Section

6    3572: One, that the defendant's income, earning capacity, and

7    financial resources are as stated in the presentence

8    investigation report; two, that a fine within the guideline

9    range or in any amount would constitute a burden upon the

10   defendant or persons dependent upon the defendant; three, that

11   there is no identifiable pecuniary loss inflicted on others as

12   a result of the offense; and four, that the evidence shows no

13   illegally obtained gains from the offense which are in the

14   defendant's possession.

15   I would ask the probation office to prepare the

16   judgment and commitment order.

17   Mr. Acoff, you have the right to appeal the judgment

18   of this Court insofar as that judgment may be appealable. Any

19   notice of appeal must be filed with the clerk of this court not

20   more than 14 days from the date of entry of the judgment and

21   commitment order. If you desire counsel on appeal and are

22   unable to retain counsel, the appropriate court will review

23   your financial affidavit to determine whether to appoint

24   counsel. And if you so request, the clerk of this court will

25   prepare and file forthwith a notice of appeal on your behalf.

JA83

1          Is there anything further to be considered with

2   regard to this matter?

3          MR. ADKINS:  No.  Thank you, Your Honor.

4          MR. BERRY:  No, Your Honor.

5          THE COURT:  All right.  Thank you.  The defendant is

6   remanded to the custody of the United States Marshal.

7          (Proceedings concluded at 2:12 p.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JA84

1                    CERTIFICATE

2        I, Cindy L. Knecht, Registered Professional Reporter and

3   Official Reporter of the United States District Court for the

4   Northern District of West Virginia, do hereby certify that the

5   foregoing is a true and correct transcript of the proceedings

6   had in the above-styled action on February 16, 2023, as

7   reported by me in stenotypy.

8        I certify that the transcript fees and format comply with

9   those prescribed by the Court and the Judicial Conference of

10  the United States.

11       Given under my hand this 214th day of April 2023.

12                    /s/Cindy L. Knecht
                      _____
13                    Cindy L. Knecht, RMR/CRR
                      Official reporter, United States
14                    District Court for the Northern
                      District of West Virginia
15

16

17

18

19

20

21

22

23

24

25

JA85

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| DALLAS MICHAEL ACOFF, a/k/a "DAL" | Case Number:  5:22CR13 |
| | USM Number:  07889-087 |
| | Charles T. Berry, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    One, Two, Three, Four and Five

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860 | Distribution of Cocaine Base within 1,000 Feet of a Protected Location | 08/05/2021 | 1 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Cocaine Base | 02/02/2022 | 2 |

☑ See additional count(s) on page 2

    The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 16, 2023
Date of Imposition of Judgment

Signature of Judge

Honorable John Preston Bailey, United States District Judge
Name and Title of Judge

2-17-2023
Date

JA86

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1A

| | | Judgment—Page | 2 | of | 8 |

DEFENDANT:   DALLAS MICHAEL ACOFF, a/k/a "DAL"
CASE NUMBER:   5:22CR13

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Cocaine | 02/02/22 | 3 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Methamphetamine | 02/02/2022 | 4 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Fentanyl | 02/02/2022 | 5 |

JA87

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT:  DALLAS MICHAEL ACOFF, a/k/a "DAL"
CASE NUMBER:  5:22CR13

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  240 months, as to each of counts 1 - 5, to be served concurrently.

☑   The court makes the following recommendations to the Bureau of Prisons:

☑   That the defendant be incarcerated at an FCI or a facility as close to _____Cleveland, Ohio_____ as possible;

☑   and at a facility where the defendant can participate in substance abuse treatment, as determined by the Bureau of Prisons;

☑   including the 500-Hour Residential Drug Abuse Treatment Program.

☐   That the defendant be incarcerated at _____ or a facility as close to his/her home in _____ as possible;

☐   and at a facility where the defendant can participate in substance abuse treatment, as determined by the Bureau of Prisons;

☐   including the 500-Hour Residential Drug Abuse Treatment Program.

☑   Jail Credit: From February 2, 2022, to the present.

☑   That the defendant be evaluated for mental health and be allowed to participate in mental health treatment while incarcerated, as determined by the Bureau of Prisons.

☑   That the defendant be allowed to participate in any educational or vocational opportunities while incarcerated, as determined by the Bureau of Prisons.

☑   Pursuant to 42 U.S.C. § 14135A, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the Probation Officer.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before  12:00 pm (noon)   on _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

☐   on _____, as directed by the United States Marshals Service.

☐

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

JA88

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
               Sheet 3 — Supervised Release

| | Judgment—Page   4   of   8 |
|---|---|

DEFENDANT:   DALLAS MICHAEL ACOFF, a/k/a "DAL"
CASE NUMBER:   5:22CR13

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

6 years as to Count 1 and 3 years as to each of counts 2 - 5, all to be served concurrently.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
        ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.    ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court in its November 29, 2016, Standing Order, as well as with any other conditions on the attached page (if applicable).

JA89

AO 245B (Rev. 09/19) Judgment in a Criminal Case
    Sheet 3A — Supervised Release

| | |
|---|---|
| DEFENDANT: DALLAS MICHAEL ACOFF, a/k/a "DAL" | Judgment—Page  5  of  8  |
| CASE NUMBER: 5:22CR13 | |

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You shall not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or other designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possesses a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

JA90

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

|  | Judgment—Page | 6 | of | 8 |
|---|---|---|---|---|

DEFENDANT:  DALLAS MICHAEL ACOFF, a/k/a "DAL"
CASE NUMBER:  5:22CR13

## SPECIAL CONDITIONS OF SUPERVISION

1)  You must participate in a substance abuse treatment program. The probation officer will supervise your participation in the program.

2)  You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3)  You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

4)  You must take all mental health medications that are prescribed by your treating physician.

5)  You must comply with the Offender Employment Program which may include participation in training, counseling, and/or daily job search as directed by the probation officer. Unless excused for legitimate reasons, if not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, you may be required to perform up to 20 hours of community service per week until employed, as approved by the probation officer.

JA91

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page ___7___ of ___8___ |
|---|---|

DEFENDANT: DALLAS MICHAEL ACOFF, a/k/a "DAL"
CASE NUMBER: 5:22CR13

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment\*** | **JVTA Assessment\*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $ 500.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

    The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

| Name of Payee | Total Loss\*\* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

**TOTALS**    $ _____    $ _____

☐ See Statement of Reasons for Victim Information

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

JA92

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT:  DALLAS MICHAEL ACOFF, a/k/a "DAL"
CASE NUMBER:  5:22CR13

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __500.00__ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C  ☐ D,  ☐ E,  ☐ F, or ☐ G below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D,  ☐ F, or  ☐ G below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:
    Financial obligations ordered are to be paid while the defendant is incarcerated, and if payment is not completed during
    incarceration, it is to be completed by the end of the term of supervised release; or

G  ☐  Special instructions regarding the payment of criminal monetary penalties:
    The defendant shall immediately begin making restitution and/or fine payments of $_____ per month, due on the first
    of each month.  These payments shall be made during incarceration, and if necessary, during supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk, U. S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, WV 26241.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Case Number
Defendant and Co-Defendant Names  Total Amount  Joint and Several  Corresponding Payee,
(including defendant number)  Amount  if appropriate

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

JA93

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

UNITED STATES OF AMERICA,

v.                                                    Docket No. 5:22 CR 13

DALLAS ACOFF,

      Defendant.

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Defendant DALLAS ACOFF appeals to the

United States Court of Appeals for the Fourth Circuit from the Judgment in a

Criminal Case, which was entered in this action on February 17, 2023.

Dated this 1st day of March, 2023.

Dallas Acoff,

Defendant

<u>/s/ Charles T. Berry [WVSB #7273]</u>
Attorney at Law
Post Office Box 114
Kingmont, West Virginia  26578
(304) 363-3564
(304) 816-3117 FAX
cberrylaw@hotmail.com

JA94

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that the foregoing "Notice of Appeal"

was served upon the United States by filing the same with the Clerk utilizing the

CM/ECF system which should distribute copies to all counsel of record, including:

Shawn Adkins, AUSA

Dated this 1st day of March, 2023.

<u>/s/ Charles T. Berry</u>

2

JA95