**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4125

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

DALLAS MICHAEL ACOFF, a/k/a DAL,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:22-cr-00013-JPB-JPM-1)

Submitted: February 7, 2024                           Decided: February 16, 2024

Before WILKINSON and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Robert G. McCoid, McCOID LAW OFFICES, P.L.L.C., Wheeling, West Virginia, for Appellant. William Ihlenfeld, United States Attorney, Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dallas Michael Acoff appeals from his 240-month upward variance sentence imposed pursuant to his guilty plea to various drug charges. On appeal, Acoff contends that, in sentencing him, the district court relied on clearly erroneous facts regarding his prior state conviction for attempted murder. We affirm.

On April 5, 2022, a federal grand jury indicted Dallas Michael Acoff in a five-count indictment, charging him with various narcotic offenses. Acoff entered a plea of guilty to all counts without a plea agreement. The presentence report ("PSR") reflected that Acoff's criminal history began at the age of 15 and was nearly continuous through his February 2, 2022 arrest, except for times he was incarcerated.

As relevant to this appeal, Acoff's criminal history shows he was convicted in 2016 of wanton endangerment after a trial and pled guilty to first degree attempted murder in 2019. Both convictions arose from the same circumstances. The PSR described the offenses as follows:

> Records indicate that on October 9, 2015, police officers responded to Jacob Street in regards to a complaint of multiple shots fired. Officers observed the victim, Lemroy Coleman, laying on the ground covered in blood. Medical units responded, but Mr. Coleman was pronounced dead as a result of gunshot wounds to the chest.
>
> It should be noted that May 9, 2016, an Indictment was filed in the Ohio County Circuit Court, Wheeling, West Virginia, charging the defendant in seven separate counts. On October 14, 2016, the defendant was found guilty of Murder in the Second Degree. In addition, he was found guilty on three counts of Wanton Endangerment. On December 21, 2017, in the Circuit Court of Ohio County, West Virginia, the Court ordered the defendant's motion for a new trial be granted. On January 16, 2019, the defendant entered a guilty plea to Attempted Murder in the First Degree and was sentenced as noted above.

(J.A. 109-10).

The evidence developed at Acoff's 2016 trial (which included surveillance video) showed that, as Coleman and Norman Banks left the American Legion bar in Wheeling, West Virginia, Acoff followed them out and began firing shots at them. When Coleman returned gunfire, Acoff retreated inside the bar. Coleman and Banks sprinted towards the alley, where Coleman was found later by police. Banks, who had also been shot, ran to the police station. *State ex. re. Smith v. Sims*, 814 S.E.2d 264, 267 (W. Va. 2018). Acoff testified at his trial that, although he fired shots at Coleman and Banks, he did so in self-defense. *Id.* Acoff was found guilty of the second-degree murder of Coleman, the malicious wounding of Banks, and several counts of wanton endangerment. *Id.* at 268.

In 2017, the trial court vacated Acoff's murder and malicious wounding convictions based upon new evidence, specifically Banks' subsequent testimony that another person shot him and Coleman after they ran into the alley. *Id.* at 268-69. Based on this evidence, the trial court found it "more likely than not" that Acoff did not "shoot" Coleman and Banks. *Id.* at 269. After the trial court vacated the murder and malicious wounding convictions and ordered a new trial, the County prosecuting attorney filed a writ of prohibition, seeking to prevent the trial court from enforcing its order. Id. The West Virginia Supreme Court denied the writ. *Id.* at 272.

In the instant case, based upon a total offense level of 22 and a criminal history category of V, Acoff's advisory Sentencing Guidelines range was 77 to 96 months' imprisonment. After hearing the positions of the parties, the district court imposed an

3

upward variance sentence of 240 months, followed by six years of supervised release. The court elaborated on its rationale for the sentence, stating:

> Here we have a young man who, over at least the last ten years or so, has been in jail a lot more than he's been out. He has shown an inability to follow the rules and regulations of society. When he has been – he's never successfully completed a term of supervision, and was on supervision when the instant offense was committed. It is his third felony conviction in this district. He's had aggravated robbery with a sawed-off shotgun, carrying a concealed weapon, and was convicted of murder. That was set aside and for some reason pled to attempted murder, yet the victim's still dead. I believe, based on all this, the criminal history is grossly understated. It's properly calculated, but it's grossly understated. And this community and the communities in Ohio need to be protected from Mr. Acoff.

(J.A. 82).

On appeal, Acoff argues that the district court relied on clearly erroneous facts during sentencing when "it suggested he had gotten away with a murder he did not commit." (Appellant's Br. (ECF No. 21) at i). Notably, Acoff does not dispute that the district court "made a detailed statement considering his criminal history and related factors" in fashioning his sentence. (Appellant's Reply Br. (ECF No. 31) at 1). Instead, Acoff's narrow issue on appeal is whether the district court "relied upon an erroneous fact *in addition to* the other factors it properly considered in deviating upwards." (*Id.*).

We review a sentence "whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C § 3553(a) factors, relying on clearly erroneous facts to determine the appropriate sentence, or inadequately explaining the sentence imposed.

4

*United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "It is a significant procedural error for a court to 'select[] a sentence based on clearly erroneous facts.'" *United States v. Roy*, 88 F.4th 525, 530 (4th Cir. 2023). If a district court abuses its discretion by committing significant procedural error, we should reverse unless the error was harmless. *Id.*

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The standard is significantly deferential. *Concrete Pipes and Prod. v. Construction Laborers Pension Trust*, 508 U.S. 602, 623 (1993). An interpretation of the facts that is not "illogical or implausible" and "has support in inferences that may be drawn from the facts in the record" is not clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 577 (1985). A contested fact or one subject to debate is not clearly erroneous. *Roy*, 88 F.4th at 532. Acoff bears the burden of showing that the district court "relied upon inaccurate information" when sentencing him. *See United States v. Wood*, 31 F.4th 593, 599 (7th Cir. 2022).

Acoff argues that the district court improperly connected his vacated murder conviction and his eventual guilty plea erroneously inferring that they related to the same event. Acoff states that the inference that he was responsible for Coleman's death was "nothing more than mere conjecture, speculation, and surmise." (Appellant's Br. at 10). Instead, Acoff avers that his conviction for attempted murder and Mr. Coleman's death were "simply factually and legally unrelated events." (*Id.* at 12).

5

However, the evidence in the record fully supports the conclusion that Acoff's guilty plea was connected to the murder of Coleman. First, the PSR, to which Acoff did not object, described the facts of Acoff's murder conviction and vacatur in the description of the conviction for attempted murder, clearly connecting the two. Second, the Government's sentencing argument, to which Acoff did not object, also connected the two. Despite having the burden to show error, Acoff points to nothing in the record counseling against the reasonable inference that Acoff's guilty plea to attempted murder resolved the murder charges against him. As such, the district court's factual finding was neither illogical nor implausible.

Although not raised below, Acoff argues that, given the vacatur of the murder conviction and the findings in *Sims*, the district court erroneously concluded that he was responsible for Coleman's death. However, even if the *Sims* case supports a conclusion that Acoff was not responsible for the fatal bullet(s), it also shows that Acoff shot at Coleman minutes (or even seconds) before he was killed. The fact that his bullets missed Coleman and Norman would not render Acoff's actions any less violent or dangerous, and neither the record nor Acoff provides any reason to believe the district court might consider that scenario any more leniently. Thus, even to the extent the district court erred in determining that Acoff killed Coleman instead of "only" attempting to kill him, we conclude that any error was harmless and that Coleman has failed to show any reliance by the district court.

6

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*